E. G. BOWYER, Appellant, v. THE WESTERN UNION TELE-
GRAPH COMPANY, Appellee.

Telegraphs: WRONG DELIVERY: DAMAGES. The delivery of a mes-
1 sage to one not the addressee, though having a similar name,
will not render the company liable in damages to such person,
where there was no assurance by the company that he was the
person intended, except the information contained in the
message and where the means of ascertaining the facts were
open alike to both parties.

Same. Where a message was delivered to one not the addressee,
2 but having a similar name, the fact that the company attempted
to identify the party for whom it was intended and to inform
the plaintiff, but failed to do so before he had acted on the
information contained in the message, did not render the com-
pany liable to him in damages.

*Appeal from Kossuth District Court.*— HON. W. B. QUAR-
TON, Judge.

WEDNESDAY, APRIL 4, 1906.

ACTION for damages, alleged to have resulted from de-
livery to plaintiff of a message not intended for him.    Ver-
dict for the defendant, and judgment entered thereon.    The
plaintiff appeals.— *Affirmed.*

*Clark & Vaughan,* for appellant.

*George H. Fearons, Carr, Hewitt, Parker & Wright,*
and *J. L. Bonar,* for appellee.

LADD, J.— On the 17th day of July, 1902, there was
transmitted over defendant's line the following telegram:
"Balfour, North Dakota, July 16, 1902.  Mr. E. E.
Bauyer, Algona, Iowa.  Your brother is very sick.  Come
at once.  Pioneer Hotel."  The agent of defendant receiv-

ing it sent word to plaintiff to come to his office, and when he did so, delivered the telegram to him. The plaintiff noticed the discrepancy in names, and, remarking that he had no brother in North Dakota, said he did not think he was the addressee intended, but, upon being advised by the agent that he knew of no one else in the city bearing a like name, and consulting his wife, he concluded that it might have reference to a brother-in-law, then traveling in that state, and proposed to send an inquiry calling for further information. The operator thought an office message " would insure prompt attention and be the quickest way to find out," and was to let him know as soon as he received a reply. The plaintiff called in the afternoon, and, as no response had been received, informed the agent that unless advised by telegram to the contrary he would leave for Balfour that evening on the 7:45 o'clock train. He again called shortly before the train left; directed that any reply received should be forwarded to Luverne, and departed for Balfour as proposed. Upon arrival, he learned that the person at the hotel was a stranger. In this action he asked to be recouped for the actual expenses incurred in making the trip, and for damages on account of the mental anguish endured.

1. It will be observed that the gravamen of the charge is not the omission to promptly deliver the message as in *Mentzer v. W. U. T. Co.*, 93 Iowa, 752; *Cowan v. W. U. T. Co.*, 122 Iowa, 379, and *Hurlburt v. W. U. T. Co.*, 123 Iowa, 295, but is the negligent delivery of a message intended for another to the plaintiff, thereby misleading him into making the journey as stated. The law of negligence is based on the relative duties of one person to another. To establish negligence, a breach of some duty of this kind must be shown. What duty due the plaintiff did the defendant fail to discharge? The telegram was correctly transmitted. The dissimilarity in names, plaintiff's being " E. G. Bowyer " and the ad-

1. TELEGRAPHS: wrong delivery: damages.

dressee's being "E. E. Bauyer" was as well understood by one as the other. No assurance whatever was given that he was the addressee intended, save that to be implied from exhibiting the telegram. If the names are pronounced so as to bring them within the rule of *idem sonans,* and the middle initial should be disregarded, as contended by appellant, this would tend to justify the defendant in supposing the plaintiff was the person for whom the telegram was intended. Certainly, it violated no duty in submitting it to him, accompanied by the explanation made. The agent knew of no one bearing the identical name, and we do not think he was negligent in handing it to the plaintiff, especially in view of the fact that the latter observed that the name of the addressee was different than his own, and that it related to a person unlikely to be at Balfour at that time. Moreover, if it were to be conceded that the defendant may have been found to have been negligent, plaintiff was none the less so because he acted with precisely the same information possessed by the defendant, and therefore must have been guilty of contributory negligence and cannot recover.

II. But it is said that defendant, through its agent, undertook to ascertain definitely for whom the telegram was intended, and that it was negligent in not doing so before the train which the plaintiff took left

2. SAME.

Algona. The record contains no explanation of the failure to receive response to the office message. But for the agent's promise, the duty of making the inquiry did not devolve upon the company. It was bound to do no more than exercise reasonable care and diligence in delivering the telegram as received, and in sending the office message it did not guarantee that the information sought would be obtained. That it had not been procured prior to plaintiff's departure was as well known to him as to the agent, and in departing he evidently acted upon the information then had, that is, without knowing whether the message was in-

tended for him and without knowing whether his brother-in-law was the person referred to as being sick at Balfour. The mere fact that he told the agent that he would take the train unless information was obtained, did not impose any additional duty upon the company, but merely indicated that he would act upon his present knowledge. As none came, he proceeded without other knowledge than that possessed in the morning, and without any inducement on the part of the defendant to undertake the trip. Under the circumstances, it cannot be said that he exercised the prudence ordinarily displayed by men in like situation in undertaking the journey, and certainly there is nothing in this record to indicate that he did so because of any negligence on the part of the defendant.

It follows that the jury were rightly directed to return a verdict for the defendant, and the judgment is *affirmed*.