### OKLAHOMA CITY v. VETTER.

No. 8454—Opinion Filed Feb. 11, 1919.

Rehearing Denied March 25, 1919.

(179 Pac. 473.)

(Syllabus.)

**1. Eminent Domain—Damage for Public Use—Damages to Property Adjacent to Pesthouse.**

Depreciation of the value of real property caused by establishing a hospital for contagious diseases, commonly known as a pesthouse, on adjacent land, although under statutory authority, constitutes a damaging of private property for public use, for which compensation must be made, within the meaning of section 24, art. 2, of the Constitution.

**2. Same—Taking of Property by City— Right to Damages—Governmental Functions.**

That the city, in erecting and operating a hospital for contagious diseases, was exercising a lawful governmental function, did not warrant its exercise in violation of the Constitutional guaranty to the citizen that private property should not be damaged for public use without just compensation.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Suit by Kate Vetter against the City of Oklahoma City. Judgment for plaintiff, and defendant brings error. Affirmed.

B. D. Shear, A. T. Boys, and E. E. Blake, for plaintiff in error.

James S. Twyford, for defendant in error.

OWEN, J. Kate Vetter brought suit against the city to recover damages sustained by the depreciation of the market value of blocks 11 and 12 of, Silverwood addition to the city, containing 11 acres. She alleges, in substance, that in September, 1909, she was the owner of this tract of land, and that same was suitable for residential and home purposes, and for that purpose was reasonably worth the sum of $6,000; that on or about that date the defendant city purchased block 8 of this addition adjacent to her property, and wrongfully erected thereon pesthouses or hospitals for the confinement and treatment of malignant, contagious, and infectious diseases; that since the erection of such houses the defendant has wrongfully, carelessly, and negligently maintained these pesthouses, and that same are a nuisance, by reason of which the plaintiff has suffered special injury and damage in the depreciation of the

market value of her property for the purposes for which it was suitable.

Judgment was for plaintiff in the sum of $1,100, to reverse which the city brings the case here.

On the trial of the case the court permitted evidence of the market value of the premises immediately prior to the location of the houses, and, as to the depreciation of the value since the erection and maintenance of same up to the time of the filing of the petition. But, after the plaintiff had concluded her evidence, the court held and instructed the jury that plaintiff could only recover such damages as may have resulted from improper management of the pesthouses and not for the location of the same. The city complains of this action, and insists for that reason the judgment must be reversed. This constituted error. but in the city's favor, and since the plaintiff is not appealing, this error furnishes no reason to reverse the judgment.

The question necessary for determination is whether the plaintiff can recover damages for the location and maintenance of the hospital under the provisions of section 24, art. 2, of our Constitution, which provides: "Private property shall not be taken or damaged for public use without just compensation."

The contention of the city is that, inasmuch as the pesthouses were located under statutory authority. they cannot be deemed a nuisance, and for that reason the plaintiff has no cause of action against the city. The question is whether the location of the pesthouses "damaged" the plaintiff's property in the sense in which the term is used in the Constitution. The case of Frazer v. City of Chicago, 186 Ill. 480, 57 N. E. 1055, 51 L. R. A. 306, 78 Am. St. Rep. 296. supports the city's contention. The Constitution adopted in Illinois in 1870 provides that property shall not be taken or damaged for public use without just compensation, and in that case it was held that the depreciation of the value of real property caused by establishing a smallpox hospital under statutory authority did not constitute a taking or damaging of adjacent property within the meaning of the Constitution. But the Supreme Court of the United States, in the case of City of Chicago v. Taylor, 125 U. S. 161. 8 Sup. Ct. 820, 31 L. Ed. 638, held, under that provision of the Illinois Constitution, a recovery may be had in all cases where private property has sustained a substantial damage by the making and using an improvement that is public in its

character, and that it is not necessary that damages shall be caused by trespass or an actual physical invasion of the real estate, but if the construction and operation of the improvement is the cause of the damage, although consequential, the party may recover. The opinion reviews a number of the Illinois cases, and quotes with approval from the case of Chicago & W. I. Ry. Co. v. Ayres, 106 Ill. 518, where it was said:

"It is needless to say our decisions have not been harmonious on this question; but in the case of Rigney v. Chicago, 102 Ill. 64, there was a full review of the decisions of our courts, as well as the courts of Great Britain, under a statute containing a provision similar to the provision in our Constitution. The conclusion there reached was that under this constitutional provision a recovery may be had in all cases where private property has sustained a substantial damage by the making and using an improvement that is public in its character— that it does not require that the damage shall be caused by trespass, or an actual physical invasion of the owner's real estate, but if the construction and operation of the railroad or other improvement is the cause of the damage, though consequentially, the party damaged may recover."

It was held that the introduction of the word "damaged" into that clause of the Constitution indicated a deliberate purpose to abolish the old test of direct physical injury to the property affected. The provision in the earlier Constitution of Illinois was that property should not be taken for public use without just compensation. Justice Harlan, speaking for the court in this connection, said:

"The use of the word 'damaged' in the clause providing for compensation to the owners of private property appropriated to public use could have been with no other intention than that expressed by the state court. Such a change in the organic law of the state was not meaningless. But it would be meaningless if it should be adjudged that the Constitution of 1870 gave no additional or greater security to private property, sought to be appropriated to public use, than was guaranteed by the former Constitution."

In the case of City of Paducah v. Allen, 111 Ky. 361, 63 S. W. 981, 98 Am. St. Rep. 422, it was held the location of a pesthouse by the city near a farm was an injury, and a taking of adjacent property for which compensation should be made. The Kentucky Constitution provides that corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for

property "taken, injured, or destroyed." In the case of Hines v. City of Rocky Mount, 162 N. C. 409, 78 S. E. 510, L. R. A. (N. S.) 1915C, p. 751, Ann. Cas. 1915A, 132, it was held that neither a municipal corporation or other governmental agency is allowed to establish or maintain a nuisance causing depreciation or damage to property or private owners without being liable for it. In the case of City of Louisville v. Hehemann, 161 Ky. 523, 171 S. W. 165, L. R. A. 1915C, p. 747, the Supreme Court of Kentucky makes a distinction between injury to persons for negligence on the part of agents or servants of municipal corporations, committed while in the discharge of some public duty, and injury done to property rights, although likewise in the performance of public duty. In that case the city was held liable in damages for depreciation in value of adjoining property in permitting a city dump to become a nuisance, under the constitutional provision requiring compensation for property injured for public use.

The Constitution of the state of Washington provides that private property shall not be damaged for public use without just compensation having first been made; and in the case of Jacobs v. City of Seattle, 93 Wash. 171, 160 Pac. 299, L. R. A. 1917B, 329, it was held that the erection and maintenance by the city of an incinerator for burning of garbage on land adjacent to that of the private owner, and in operation so as to depreciate the value of his land, constituted a damaging of private property for public use for which he would be entitled to compensation, under the terms of the Constitution.

In the case of Powder Co. v. Dodson, 49 Okla. 58, 150 Pac. 1085, Mr. Chief Justice Kane, speaking for this court, said:

"The rule in England that no damages or redress can be obtained in the courts for a nuisance, or any structure or use of real property, which does direct injury to private property, provided Parliament has authorized the same, and not provided for compensation for such injuries, does not and cannot exist in this country. The rule in England is founded on the unrestrained and unlimited power of Parliament to take or damage private property at will without compensation, whereas in this country our Legislatures are under constitutional restraints in respect to individual rights of property. Hence it has been held that, although a nuisance may be legalized, and therefore protected from indictment and against interference with it as a public nuisance, the one maintaining it may nevertheless be liable in damages to an individ-

ual for any damages he may sustain therefrom."

In the case of City of Muskogee v. Hancock, 58 Okla. 1, 158 Pac. 622, L. R. A. 1916F, 897, in an opinion by Justice Sharp, it was held a recovery may be had under section 24, art. 2, of the Constitution, in all cases where private property is damaged in making improvement that is public in its nature. The improvement in that case was a city sewer. It was said in the syllabus:

"The use of the words 'or damage,' in addition to the word 'taken,' * * * indicates a deliberate purpose not to confine a recovery to cases where there is a physical invasion of the property affected, but to make the test of liability the fact that private property has been 'damaged' for public use, without regard to the manner by which the injury was effected."

We conclude that the city in establishing and maintaining the hospital in question, although exercising a lawful governmental function, and having statutory authority, did not have warrant to exercise this function in violation of the constitutional guaranty to the citizen that private property should not be damaged without just compensation.

The judgment of the lower court is affirmed.

All the Justices concur.