NEWTON AUTO SALVAGE COMPANY, Appellee, v. G. G. HERRICK, Appellant.

MUNICIPAL CORPORATIONS: Public Improvements—Negligence of Contractor—Unanticipated Event. A contractor who, while constructing a sewer under the direction of and in accordance with the plans prescribed by the city, is unexpectedly interrupted in his work by the failure of the city to acquire a continuous right of way for the sewer, is under no legal obligation to a property owner to leave his uncompleted work in such condition as will avoid damages *which no reasonable foresight would anticipate.*

Headnote 1: 28 Cyc. p. 1086.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

MARCH 15, 1927.

Action against a sewer contractor for damages from flooding plaintiff's premises, alleged to have resulted from defendant's negligence.   Judgment for plaintiff.   Defendant appeals.—*Reversed.*

*C. E. Hunn* and *H. S. Hunn,* for appellant.

*R. R. Nesbitt* and *A. B. Schuetz,* for appellee.

MORLING, J.—Defendant contracted with the city of Des Moines to construct a sewer. The city had not acquired an intermediate section of the necessary right of way. When the construction work reached that place, the defendant was required to cease continuous construction and resume the work at the upper side of the non-acquired right of way. This he did, leaving a "blind lower end" to the upper section of the sewer. The upper portion of the sewer was in part located near the Raccoon River. The plaintiff's case is that the water of the river rose, overflowed, and entered the sewer, and, having no other egress, because of the lower "blind end," was forced out of the manholes, overflowing plaintiff's premises and causing the damage complained of. The assignment of negligence in the petition is that defendant failed to provide bulkheads to prevent the water from cutting through the banks of the river to the sewer, failed to cover the manholes with bolted-down lids, and failed to construct the sewer so as to sustain the pressure of the water of the river. No evidence on the subject of providing bulkheads to prevent the water from cutting through the banks, or on the subject of internal pressure of the water from the river in the sewer, was offered. The testimony offered by plaintiff was that the sewer was, as said by one witness, about 15 or 20 feet from the river bank. "In fact, the river at that time was up to it." He was speaking of flood conditions. Another of plaintiff's witnesses said that the ditch was about 85 or 90 feet from the river bank. Plaintiff's witnesses say that the flood water from the river entered the end of the sewer, which was open, and because of the absence of outlet was forced out of the manholes below the point of entrance.

Because of the possibility of amendment to petition, and new trial, we follow counsel into a wider range of discussion than would be strictly necessary to dispose of the present appeal.

It was the duty of the city to provide right of way, and the defendant, in bidding for the work, was justified in assuming that the duty of the city in that regard would be observed. It would be destructive of the liberty of municipalities to make public improvements, and of economy in construction, if contractors were required, in making their bids, to anticipate failure on the part of the municipality to perform such duties and provide against such contingencies as have developed in this case.

Negligence has been defined to be either the non-performance or the inadequate performance of a legal duty. The existence of a duty to plaintiff, omission to perform it, or performance in an improper or inadequate manner, and injury to him resulting therefrom, are essential to the maintenance of an action for negligence. *Green-Wheeler Shoe Co. v. Chicago, R. I. & P. R. Co.,* 130 Iowa 123; *Bowyer v. Western Union Tel. Co.,* 130 Iowa 324; *Bowery v. Wabash R. Co.,* 185 Iowa 288; *O'Neil v. Town of East Windsor,* 63 Conn. 150 (27 Atl. 237); 5 Words & Phrases 4746; 3 Words & Phrases (2d Ser.) 561; 29 Cyc. 415. The evidence here would not justify a finding that defendant was under duty to anticipate that continuous construction would for any reason be interrupted. Nothing is shown that required the defendant, in making his bid, to figure on providing bulkheads to protect the sewer from flood waters of the river, or to construct the sewer so as to sustain internal pressure therefrom, or to furnish construction for bolted-down lids for the manholes. It was the duty of the city to provide plans, and the defendant did not assume any responsibility for defects or insufficiency in the plans. The defendant would be liable ordinarily only for his negligence in the performance of the work contracted for, and not for the result of work performed according to the contract. *Fitzgibbon v. Western Dredg. Co.,* 141 Iowa 328; *Shaw v. Crocker,* 42 Cal. 435; *Moraski v. Gillespie Co.,* 239 Mass. 44 (131 N. E. 441); *Kaler v. Puget Sound Bridge & Dredg. Co.,* 72 Wash. 497 (130 Pac. 894); *Roland v. Jumper Creek Dr. Dist.,* 4 Fed. (2d Series) 719; 28 Cyc. 1086. The defendant's contract required him to "begin said work at such point as the superintendent of the department of streets and public improvements may direct, and

shall conform to the directions of said superintendent as to order in which the several parts of said work shall be done, and the mode of performing the same." There is no evidence that the proper performance of the work would require bulkheads, to prevent the river from cutting through the banks into the sewer ditch, or that the river did cut through its banks into the sewer ditch. The plaintiff's claim is that the river was at flood at the time of the injuries complained of. The evidence in behalf of defendant is that there were no local rains of consequence at that time, and this evidence is not disputed. The plaintiff's evidence of the existence of flood conditions and the defendant's evidence of the absence of rains can only be reconciled by assuming that heavy rains had prevailed somewhere upstream. (In fact, defendant's evidence is that the river was not only not at flood, but was low at that time.)

The plaintiff's evidence tends to show that the upper end of the sewer was not closed, to prevent ingress of water; but there is no evidence that would warrant a finding that either the ordinary or standard method of construction of such sewers, or conditions existing and observable at the time the end was left open, would require the defendant, in the exercise of ordinary and reasonable care in performing his contract, to block the open end. The open end might apparently be safely above and distant from any watercourse. Plaintiff's case is based in evidence upon the claim that "there was a big flood, and the river was on a rampage." It is not based upon ordinary conditions, or upon the existence of dangers of which defendant knew, or which defendant, in the ordinary prosecution of the work and in the exercise of reasonable and ordinary care, should have anticipated. In other words, there is no evidence to charge the defendant with negligence in not anticipating that the river would rise, flood the sewer, and thereby cause damage to property, or that reasonable and ordinary care in performing his contract demanded that he should provide against such contingency.

The evidence does not sustain the verdict.

The judgment is—*Reversed.*

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.