STOWELL v. ENGELSON et ux.

No. 33301.   Dec. 21, 1948.

Rehearing Denied Jan. 18, 1949.

*201 P. 2d 919.*

Rosenstein, Fist & Shidler, of Tulsa, for plaintiff in error.

Irvine E. Ungerman and Charles A. Whitebook, both of Tulsa, for defendants in error.

GIBSON, J. Plaintiffs' action is for damages to their residence in the city of Tulsa, which damages are alleged to have been caused by defendant while engaged as contractor in construction of a city sewer for the city of Tulsa. It is charged that, while engaged in said work, defendant set off explosives for the purpose of blasting and that the effect thereof was to cause violent concussions and vibrations through the air and earth causing damages to plaintiff's building. Defendant's defense is a general denial and a plea of the statute of limitations. The issues were tried to the court resulting in a judgment for plaintiffs in the sum of $2,-334.16 with interest, to reverse which defendant brings this appeal.

For reversal two grounds are presented: One, admitting the fact of damage and that same was caused by the blasting as alleged, it is urged that there is no basis in law for defendant's liability therefor. The other, that plaintiffs' right of action, if any, was barred by statute which prescribed a limitation period of two years under the third subsection of Tit. 12 O. S. 1941 §95.

Being of the opinion the plea of the statute of limitations is well taken and that same is decisive of the appeal, we will consider only the second ground.

The trial court's findings on the question are as follows:

"Third. A period in excess of two years had expired between the time that the plaintiffs herein first discovered the damages caused by said blasting, and the filing of this suit; a period of three years had not elapsed between the discovery of the damages to plaintiffs' property and the filing of this action.

"Fourth. The two year statute of limitations for tort action (Title 12, Section 95, Clause Third O. S. 1941) does not apply herein. If any statute of limitations be applicable the three year statute (Title 12, Sec. 95 Clause Second O. S. 1941) would apply."

In view of these findings, which are not questioned in so far as they fix the actual time that had elapsed, it becomes a question of law, that is, whether the second or third clause of the statute is controlling. The material parts of the statute are as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods,

after the cause of action shall have accrued, and not afterwards:

". . .

"Second. Within three years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty.

"Third. Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

Plaintiff in error contends that the action sounds in tort and therefore the applicable period of limitation is two years. Defendants in error contend that their right of action arises under section 24, art. 2 of the Constitution, is in effect an action upon an implied contract and therefore the applicable period is three years. The material part of the constitutional provision is:

"Private property shall not be taken or damaged for public use without just compensation."

If the right of action arose under the constitutional provision, it would, as contended, negative the idea that the action sounded in tort, but at the same time it would negative the existence of any right of action in the plaintiffs against the defendant. Such is true because the right to damage, arising from the constitutional provision, is that damage which necessarily flowed from the exercise of the power granted and the obligation to pay therefor is imposed solely upon the donee of the power, in this instance, the city of Tulsa. On the other hand, where the damage is suffered by reason of an unauthorized exercise of the power it constitutes an unlawful invasion of right giving rise to a right of action in tort against the donee of the power for which the license granted in no defense. Such is

the situation reflected herein. The damage was suffered not as a necessary result of the exercise of the license but by reason of the use of highly dangerous explosives which, independently of any negligence in the method of their use, gave rise to a right of action against the city because done in disregard of the rights of the plaintiffs. City of Muskogee et al. v. Hancock, 58 Okla. 1, 158 P. 622. The fact that the constitutional provision makes the city liable for the amount of such damage does not alter the fact of the right of action in tort. These distinctions are recognized in Oklahoma City v. West, 155 Okla. 63, 7 P. 2d 888. Therein there is quoted with approval the following:

" 'If damage ensues as the consequence of work properly done, it must be sought for by a claim for compensation; but if, as the result of negligence in the doing of it, it is properly the subject of an action.' "

And it was further said in the opinion:

"It is manifest that there is no necessity for a constitutional provision requiring the payment of damages for taking or damaging private property unless the taking or damaging is authorized. . . .

"Where a constitutional sanction requires payment of damages for the taking or damaging of private property for public use, there is a danger of attributing the right to damages to the constitutional provision and tacitly implying authority to commit the wrong upon payment of damages rather than to closely examine as to the right. . . .

". . . If the Legislature expressly authorizes an act which must inevitably result in public injury, what would otherwise be a nuisance may be said to be legalized; but if they authorize an erection which does not necessarily produce such a result, but such result flows from the manner of construction or operation, the legislative license is no defense. . . .

"The city is this case does not contend that it is not liable for the nuisance, but that in considering its claim it should be held that the nuisance is

permanent. As said above, if the nuisance had been legalized, then, although there would be liability to pay damages in an action brought within the period of the statute of limitations, the nuisance would be held to be permanent. But the right to damages in this case is not the right to damages for what has been legalized, but the right to recover damages for a common-law tort, a nuisance, and a nuisance not authorized for the plain reason that it is in no sense necessary."

The only theory upon which liability of defendant herein could be predicated is that it was a party to the tort. Whether it could be held to be liable on the same basis as the city, that is, because of its mere participation in the use of the dangerous explosives, or that its liability would depend upon negligent acts or omissions in the manner of such use, would be the question determinative of the basis of its liability in the premises. This question is unimportant here except in so far as it shows that the issue is in tort and the action therefore barred by the two year statute of limitation.

The judgment is reversed and cause remanded, with directions to dismiss plaintiffs' action with prejudice.

DAVISON, V. C. J., and BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur. HURST, C. J., dissents.