**DALY et al. v. EARL W. BAKER & CO.**
No. 36004.

Supreme Court of Oklahoma.
June 15, 1954.

McClelland, Kneeland, Bailey & McClelland, Harlan Deupree, Oklahoma City, for plaintiffs in error.

John F. Eberle, Richard J. Spooner, A. R. Daugherty, Oklahoma City, for defendant in error.

WELCH, Justice.

Gertrude Paine Daly and others, hereinafter referred to as plaintiffs, filed an action against Earl W. Baker and Company, a corporation, to recover in damages. It is alleged that plaintiffs were the owners of a building located at Stiles and Grand in Oklahoma City. This building was 130 feet north and south by 52½ feet east and west. Defendant, a contractor for the City of Oklahoma City, dug a sewage ditch 24 feet deep and 8 feet wide in the parking next to the building in the east parkway. In excavating defendant used steel sheeting which was driven by heavy machinery.

It was alleged the construction of the sewer caused a vibration that weakened and damaged the building and premises.

Defendant demurred to the petition and at the trial objected to the introduction of any evidence on the ground that the petition did not state a cause of action, and that the petition and opening statement showed that there was no liability. The trial court sustained the objection to the introduction of any evidence and entered judgment for the defendant, and plaintiffs appeal.

In the brief of plaintiff in error it is stated:

"The question involved in this appeal is the right of plaintiffs, without alleging and proving negligence, to recover damages from the defendant under Article II, Sections 23 and 24 of the Constitution of the State of Oklahoma, to a brick building owned by plaintiffs, where defendant, pursuant to a contract with the City of Oklahoma City, constructed a city sewer in the parking along the side and in close proximity to said brick building and in digging the ditch for said sewer caused vibrations by driving and pulling steel pilings which damaged plaintiffs' building."

Plaintiffs cite and rely upon Franklin Drilling Co. v. Jackson, 202 Okl. 687, 217 P.2d 816, 19 A.L.R.2d 1015; Fairfax Oil Co. v. Bolinger, 186 Okl. 20, 97 P.2d 574, and related cases which hold that the defendant is liable under the provisions of Sec. 23, Art. II, of the Constitution for damages caused to property. These cases deal with the liability of a principal or a contractor not exercising or entitled to exercise the right of eminent domain, and defendants are held liable under the above stated Constitutional provision whether there is any showing of negligence or other statutory liability. They are not in point on the question presented in the case under consideration.

We have found no case in this jurisdiction directly in point on whether a contractor employed by a municipality or other party having the right of eminent domain

is liable to a person whose property is taken or damaged, with the exception of Tibbets & Pleasant, Inc., v. Benedict, 128 Okl. 106, 261 P. 551. This was an action by Benedict against the City of Tulsa and Tibbets and Pleasant. The City of Tulsa was released because the claim was not filed within time under the city ordinance. A judgment was entered against Tibbets and Pleasant. The damage was caused by blasting. This case cited City of Muskogee v. Hancock, 58 Okl. 1, 158 P. 622, L.R.A.1916F, 897, wherein it was held that the City of Muskogee was liable for damages resulting from blasting. We find no reference to Sec. 23, Art. II of the Constitution in City of Muskogee v. Hancock, supra.

The correct construction of City of Muskogee v. Hancock, supra, is stated in Oklahoma City v. Vetter, 72 Okl. 196, 179 P. 473, 474, 4 A.L.R. 1009, in which it is stated:

"In the case of City of Muskogee v. Hancock [58 Okl. 1], 158 P. 622, L.R.A.1916F, 897, in an opinion by Justice Sharp, it was held a recovery may be had under section 24, art. 2 of the Constitution, in all cases where private property is damaged in making improvement that is public in its nature. The improvement in that case was a city sewer. It was said in the syllabus:

" 'The use of the words "or damaged," in addition to the word "taken," * * * indicates a deliberate purpose not to confine a recovery to cases where there is a physical invasion of the property affected, but to make the test of liability the fact that private property has been "damaged" for public use, without regard to the manner by which the injury was effected.' "

In City of Muskogee v. Hancock, supra, it is stated that blasting is a nuisance. The result therefore of Tibbets & Pleasant, Inc., v. Benedict, supra, is that a contractor engaged in blasting is liable where he is working for a party taking property for public use and causes damages through an act negligent per se, or constituting a nuisance. City of Muskogee v. Hancock, supra, has been cited in a number of cases since its adoption; except in Tibbets &

Pleasant, Inc., v. Benedict, supra, it is cited as supporting the rule that a city or other party having the right of condemnation is liable under sec. 24, art. II of the Constitution. In Oklahoma City v. Hoke, 75 Okl. 211, 182 P. 692, in an action for damages because of overflow caused by the breaking of a dam, it is stated that the City of Oklahoma City was liable under sections 23 and 24 of Art. II of the Constitution.

In Stowell v. Engelson, 201 Okl. 105, 201 P.2d 919, an action was brought against the contractor. The syllabus is as follows:

"The right of action of owner of building to recover from the contractor of a city damages caused to such building by reason of violent concussions and vibrations resulting from blasting on other premises in constructing city sewer sounds in tort and the limitation period applicable thereto is two years prescribed by the third subsection of Tit. 12 O.S.1941 § 95."

In the body of the opinion it is stated:

"If the right of action arose under the constitutional provision it would, as contended, negative the idea that the action sounded in tort but at the same time it would negative the existence of any right of action in the plaintiffs against the defendant. Such is true because the right to damage, arising from the constitutional provision, is that damage which necessarily flowed from the exercise of the power granted and the obligation to pay therefor is imposed solely upon the donee of the power, in this instance the city of Tulsa. * * *"

█ Although this language was not necessary to a decision of the case it announced a rule announced in other jurisdictions. Panhandle Construction Co. v. Shireman, Tex.Civ.App., 80 S.W.2d 461; Kaler v. Puget Sound Bridge & Dredging Co., 72 Wash. 497, 130 P. 894, 20 A.L.R. 674; Burt v. Henderson, 152 Ark. 547, 238 S.W. 626; Newton Auto Salvage Co. v. Herrick, 203 Iowa 424, 212 N.W. 680. In Burt v. Henderson, supra, it is stated:

"Contractors for condemning party are not liable on account of damages

growing out of appropriation of lands for highway purposes, except for injury resulting from negligence or unskillful work."

In Newton Auto Salvage Co. v. Herrick, supra, it is stated [203 Iowa 424, 212 N.W. 681]:

"Under contract with municipality for the construction of sewer, contractor is ordinarily liable only for negligence in performance of work, not for result of work performed according to contract."

■ We are of the opinion and hold the rule referred to in the above cases sound, and as suggested in Stowell v. Engelson, supra, we adopt it as applicable here.

Judgment of the trial court is affirmed.

JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

HALLEY, C. J., dissents.