The CITY OF OKLAHOMA CITY, a Municipal Corporation, Plaintiff in Error,

v.

Gertrude Paine DALY, Edith Paine Hamilton, J. B. McClelland, Jr., as Guardian of the Estate of Minnette E. Paine, incompetent; Houston Bank & Trust Company, a corporation, as Trustee under the Will and Codicils to the Will of R. E. Paine, Deceased, for the use and benefit of R. E. Paine, Jr., and Houston Bank & Trust Company, a corporation, as Executor of Estate of E. W. Gruendler, Deceased, Defendants in Error.

No. 37374.

Supreme Court of Oklahoma.

Sept. 24, 1957.

A. L. Jeffrey, Municipal Counselor, and Howard V. Cudd, Asst. Municipal Counselor, Oklahoma City, for plaintiff in error.

Harlan Deupree, and McClelland, Bailey & McClelland, Oklahoma City, for defendants in error.

CORN, Justice.

This action for damages resulting from the construction of a city sewer was tried by the court on the petition of the defendants in error, hereinafter called Owner, against the City of Oklahoma City, hereinafter

called the "City", plaintiff in error. The court found in favor of the Owner and against the City and rendered judgment accordingly.

The controversy arose from the construction by the City of a sanitary sewer in the parking on the west side of Stiles Avenue next to the Owner's building located on the southwest corner of Stiles and Grand Avenue in Oklahoma City.

During the excavation, sheet-steel piling was driven into the ditch and left there for bracing purposes, and damage occurred to the Owner's building due to vibration of the pile-driving machinery and operations.

It is admitted that all of the damage occurred more than two years before the petition was filed; the sewer line construction being wholly done within the city street.

The City in its brief, stated:

"A cause of action accruing to an individual against a municipality under the provisions of Section 24, Article 2, of the Constitution, for consequential damages to private property by reason of the construction of a public improvement, is barred by the two-year statute of limitations, where the damages are due to vibration resulting from the use of pile-driving machinery in the construction of a City sewer."

12 O.S.1951 § 95, provides:

"Limitation of other actions.—Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

* * * * * *

"Second. Within three years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty.

"Third. Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The City contends that the action sounds in tort and therefore the applicable period of limitation is two years. The Owner contends that her right of action arises under Sec. 24, Art. 2 of the Constitution, and is in effect an implied contract and therefore the applicable period is three years. Section 24, Article 2, of the Constitution reads:

"Private property shall not be taken or damaged for public use without just compensation."

The trial court found as a matter of law in this case that the two-year statute of limitations did not apply, and that the three-year statute of limitations did apply.

The City refers to the case of Stowell v. Engelson, 201 Okl. 105, 201 P.2d 919, 921, where it contends the facts of the injury are strikingly similar. There the plaintiff brought an action for damages to their building in the City of Tulsa, alleged to have been caused by defendant contractor while engaged in the construction of a city sewer for the City of Tulsa. It was charged that the defendant in doing the work set off explosives and the effect thereof was to cause violent concussions and vibrations through the air and earth causing damages to plaintiff's building. Defendants pleaded the two-year statute of limitations in defense. The trial court specifically found that the three-year statute applied and the two-year statute did not. On appeal, in reversing the judgment, we held:

"* * * where the damage is suffered by reason of an unauthorized exercise of the power it constitutes an unlawful invasion of right giving rise to a right of action in tort against the donee of the power for which the license granted is no defense. Such is the situation reflected herein. The damage was suffered not as a necessary result of the exercise of the license but by reason of the use of high-

ly dangerous explosives which, independently of any negligence in the method of their use, gave rise to a right of action against the city because done in disregard of the rights of the plaintiffs. City of Muskogee v. Hancock, 58 Okl. 1, 158 P. 622, L.R.A.1916 F, 897. The fact that the constitutional provision makes the city liable for the amount of such damage does not alter the fact of the right of action in tort."

We further held the action was barred by the two-year statute of limitations.

The City contends in its brief that this is an action for damages sounding in tort, while the Owner contends it is an action to enforce rights to compensation under the constitutional provision Sec. 24, Art. 2, of the Oklahoma Constitution, which provides:

"Private property shall not be taken or damaged for public use without just compensation."

The Owner contends if this were a tort action there would be merit to the City's contention, but if not, then subdivision *Third* of Section 95 has no application.

We find that the action was not for a tort nor a trespass upon the part of the City, but an action for compensation as such, as provided by the constitutional provision.

The City first cites Stowell v. Engelson, supra, and quotes a part of it, which we have heretofore set out. We also held in that opinion that in the construction of public works, if an injury occurs to nearby property, one of two remedies are available to the owner, depending upon the facts and circumstances:

1st. An action against the donee of the power, in this case the City, for recovery of compensation for injury suffered under the constitutional provision. (Sec. 24, Art. 2), regardless of negligence or wrongful construction; or

2nd. A tort action for damages for negligence or wrongful construction.

When the action is properly brought under this 2nd classification, "there is no necessity for a constitutional provision requiring the payment of damages for taking or damaging private property unless the taking or damaging is authorized," as pointed out in the Stowell v. Engelson case, supra. The Stowell v. Engelson case definitely falls under the 2nd classification as it was a suit against the contractor alone, and not against the donee of the power.

The City, in this case, was acting within its rights in laying this sewer within the limits of a public street, and in the proper exercise of power given it as a municipality; there is no allegation or proof, or contention upon the part of anyone, that negligent or wrongful methods were employed, and this action is not based upon tort, through negligence or otherwise.

The theory and basis of recovery is set out in paragraph 8 of the Owner's petition, as follows:

"8th. That the acts of said defendant city in so producing and causing said injuries and damage amounted to the taking or damaging of the private property of these plaintiffs in violation of their constitutional and statutory rights not to have their property taken or damaged for private or public purposes without just compensation, and that by reason thereof these plaintiffs are entitled to recover judgment as herein prayed for."

This action is based upon the violation of the Owner's constitutional right "not to have their property taken or damaged for private or public purposes without just compensation."

In Daly v. Earl W. Baker & Co., Okl., 271 P.2d 1114, in which these same plaintiffs brought suit against the City's contractor, Earl W. Baker & Co., for this identical injury to their building, relying solely on the constitutional provision as in the case at bar. The trial court held that the use of pile-driving machinery was not negligent, and that in the absence of negligence or wrongful performance of the work, the City, as the donee of the power could alone be held liable under the constitutional provision, and dismissed the action against the City's contractor. On appeal to this court we affirmed the judgment of the trial court.

So we hold that an action by the owner of property against a municipality under Sec. 24, Art. 2 of the Constitution, for consequential damages caused by the construction of a public improvement, where the damages occur without negligence in making the construction, but as a result of doing the work in a proper manner, is governed by the three-year statute of limitations under 12 O.S.1951 § 95, subdivision 2.

Judgment affirmed.

WELCH, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

HALLEY and JOHNSON, JJ., dissent.