Matilda H. RUMMAGE, Trustee of the Matilda H. Rummage Inter Vivos Trust, and, Joseph N. Allen, III, and Posetta Bailey, individually and as Executrix of the Estate of Melvina B. Ward, deceased, Appellants,

v.

The STATE of Oklahoma, ex rel. DEPARTMENT OF TRANSPORTATION, Appellee.

Nos. 78755, 78756 and 78757.

Court of Appeals of Oklahoma, Division No. 3.

March 2, 1993.

---

Leonard M. Logan, David E. Jones, Vinita, for appellants.

Morris R. Bell, Becky D. McDown, Oklahoma City, for appellee.

### MEMORANDUM OPINION

HANSEN, Chief Judge:

In this action for injury to real property as the result of continual flooding, Appellants (Landowners) seek review of the trial court's order granting summary judgment in favor of Appellee (Department). We reverse and remand.

Landowners filed separate petitions alleging substantially similar facts. Bailey and Rummage filed their petitions on May 22, 1989. Allen filed his on July 10, 1989. Each claimed Department, as part of a road improvement project, replaced a culvert which had been draining their land with another culvert, thereby impeding the flow of water from their respective tracts. Landowners further claim the impeded flow in turn subjected:

... [Landowners'] land to almost continual flooding, and which has so substantially interfered with [Landowners'] use and enjoyment of [his or her] property as to constitute a taking by [Department] without just compensation and without resort to eminent domain proceedings.

The petitions set forth that Landowners were bringing "special proceedings" pursuant to the provisions of 66 O.S.1991 § 53 [1], "23 O.S.A. § 12" (sic) [2], and O.S.1981 Const. art. 2, § 24.[3] Landowners asked the trial court to appoint commissioners "for the purpose of determining the value of [Landowners'] property taken and/or damaged".

Prior to the appointment of commissioners, Department moved for summary judgment in each of the actions. Again, the motions and briefs in support of the motions were substantially the same. In its motions, Department listed only two material and uncontroverted facts. The first was that the parties stipulated the date of taking, if any, was November 15, 1983, the date construction of the culvert in controversy was completed. The only other uncontroverted fact was the date of filing of each of the petitions.

Department contended Landowners' actions were barred by the running of the statutory limitation period. Department argued alternatively that the limitation period was either two years, if the action was actually one in tort [4], or three years, if the action was one for "just compensation" under the authority of O.S.1981 Const. art. 2, § 24 [5].

Department asserted in its brief on the motion that the three year limitation period found at 12 O.S.1981 § 95 Second, was made applicable to inverse condemnation

---

1. This section was amended effective May 8, 1991, prior to the filing dates of Landowners' petitions.

2. This is apparently a reference to *27* O.S.1981 § 12.

3. While not expressly mentioned in the petitions, the type of action Landowners describe is most commonly known as an inverse condem-

nation. The action is sometimes referred to as reverse condemnation or condemnation in reverse.

4. 12 O.S.1981 § 95 Third.

5. Section 24, Article II of the Oklahoma Constitution provides in pertinent part: Private property shall not be taken or damaged for public use without just compensation.

actions under the Oklahoma Supreme Court's holding in *City of Oklahoma City v. Daly,* 316 P.2d 129 (Okla.1957).

In responding to Department's motion for summary judgment, Landowners first argued the defense of the statute of limitations was prematurely asserted. More specifically, they contended no challenge to the propriety of condemnation proceedings could be heard prior to filing of the commissioners' report.

Additionally, in their responses, Landowners argued that to the extent summary judgment might be granted in this action based on a statute of limitations defense, the applicable limitation period would be the full fifteen year prescriptive period relating to an action for the recovery of real property[6].

By agreement of the parties, hearings on Department's motions for summary judgment in each of Landowners' separate cases were combined. After taking the matter under advisement, the trial court granted summary judgment in favor of Department.

In granting summary judgment, the trial court specifically found Landowners had commenced his or her action on the date each petition was filed, that the actions were in inverse condemnation under Article II, Section 24 of the Oklahoma Constitution, and that the stipulated date of taking, if any, was November 15, 1983.

The trial court concluded Landowners' claims were barred by the two year statute of limitations, 12 O.S.1981 § 95(3), "or alternatively", by the three year statute of limitations, 12 O.S.1981 § 95(2). Landowners appeal from the trial court's orders granting summary judgment for Department[7].

On appeal, Landowners reiterate their arguments made below—that Department prematurely asserted its statute of limitations defense prior to appointment of commissioners, and that inverse condemnation is a special proceeding not barred by any limitation period short of that required for prescriptive title. We find merit in Landowners' arguments.

■ It is well established that condemnation proceedings, initiated for the purpose of exercising the sovereign right of eminent domain[8], are special statutory proceedings[9] and are to be carried out in accordance with the specific procedures prescribed by the Legislature. *Graham v. City of Duncan,* 354 P.2d 458 (Okla.1960).

An *inverse* condemnation action is similarly statutory, with constitutional origins. Section 24, Article II of the Oklahoma Constitution provides that:

> Private property shall not be taken or damaged for public use without just compensation. ...

This constitutional provision also mandates procedures for determining compensation of such private property owners. The procedures have been codified and expanded at 66 O.S.1991 § 51 et seq.[10] Section 57 of Title 66 contains a proviso clause which makes procedures contained in that chapter applicable where an entity authorized to exercise the right of eminent domain:

> ... shall have *taken and occupied,* for purposes for which it might have resorted to condemnation proceedings, ..., any land, without having purchased or con-

---

6. 12 O.S.1981 § 93(4).

7. Landowners' individual appeals here were consolidated for consideration and decision by order of the Supreme Court. Although appeals 77,232 and 77,423 arise from the same circumstances as the present appeals, they contain separate issues and thus were not consolidated, but were made companion cases. We will consider these latter cases in other opinions.

8. The right of eminent domain is an attribute of sovereignty, and the constitutional and statutory provisions are merely limitations upon the exercise of that right. *Arthur v. Board of Commissioners of Choctaw County,* 43 Okla. 174, 141 P. 1 (1914).

9. See, 21 O.S.1991 §§ 1 et seq.; 66 O.S.1991 §§ 51 et seq. and 69 O.S.1991 § 1203.

10. These sections, located in Title 66—Railroads, are made applicable to, among others, the State of Oklahoma and its departments, by 66 O.S.1991 § 57.

demned the same, ... (emphasis added).[11]

■ We therefore find the procedures for an inverse condemnation action to be the same as those for eminent domain condemnation in accordance with 66 O.S.1991 §§ 51 et seq. These procedures do not contain a specific limitation period.

■ Our Supreme Court has found there are only three pleadings authorized by statute in condemnation proceedings—Petition, objection to the report of commissioners, and demand for jury trial. *Board of County Commissioners of Creek County v. Casteel*, 522 P.2d 608 (Okla.1974).

Whether other or further pleadings may be filed rests in the discretion of the trial court[12], it being the court's duty to require such pleadings as will present the issues to be determined. *Incorporated Town of Pittsburg*, 200 Okla. 497, 197 P.2d 287 (1948).

■ However, the trial court's discretion is delimited as to when it may entertain these additional pleadings by our statutory condemnation procedures, which provide no place for the assertion of factual defenses until after filing of the report of the commissioners. *Young v. Seaway Pipeline, Inc.*, 576 P.2d 1144, 1147 (Okla.1977). Pleading a statute of limitations is an affirmative defense, requiring the court to make factual determinations to apply the law. See, 12 O.S.1991 § 2008(C)(18).

■ We find the trial court erred procedurally in granting summary judgment prior to and in the absence of exceptions to the report of the commissioners. We further find the trial court erred substantively in holding, as a matter of law, that Landowners' actions were barred by either a two year or three year statute of limitations.

In view of the trial court's finding that the action was one in inverse condemnation, we must presume it determined Landowners' property was "taken and occupied", the statutory prerequisite to an inverse condemnation action. It follows then the trial court also found, applying the law most liberally in favor of Landowners, that at most the limitation period for such a taking is three years.

We find no definitive ruling of our Supreme Court as to the applicable limitation period under the facts before us. Upon examination of the analogous authorities, we conclude application of the fifteen year prescriptive period[13] to be most appropriate.

Landowners rely on the Supreme Court's holding in *Oklahoma City v. Wells*, 185 Okla. 369, 91 P.2d 1077 (1939), in which it adopted the view that in an inverse condemnation action a landowner's:

> ... right of recovery is founded upon and grows out of his title to the land, and until such title is lost by adverse possession he should have the right to maintain an action to recover that which represents the property itself.

*Wells* is instructive, but may be distinguished on its facts. There the city had clearly taken and occupied the land as a city park. Title was in issue, but not whether there had been a taking. In the present case, the question of taking is most critical.

Department, in turn, relies upon *City of Oklahoma City v. Daly*, 316 P.2d 129 (Okla.1957). In *Daly*, the Supreme Court found the three year limitation period in 12 O.S.1951 § 95(2) applicable to an action under Section 24, Article II of the Oklahoma

---

**11.** 69 O.S.1991 § 1203, which sets forth specific eminent domain condemnation procedures for the Department of Transportation, does not contain such an inverse condemnation provision.

**12.** Under condemnation procedures, commissioners are selected by the district *judge* of the county, but the report of the commissioners is reviewed by the district *court* on written exceptions filed by either party. 66 O.S.1991 §§ 53, 55. The distinction is more that semantical.

Where, as here, the petition reasonably conforms to statutory requirements, the functions of the *judge* are merely ministerial. Judicial determination of issues of law or fact occur only when objections are filed to the report of commissioners. See, *French v. Ayres*, 201 Okla. 494, 207 P.2d 308 (1949).

**13.** See footnote 6 supra.

Constitution. Again, the facts may be distinguished because the *Daly* court considered only consequential damage to private buildings caused by construction of a city sewer, not a taking as is alleged here.

While not holding that flooding caused by construction of public works always constitutes a taking, the Supreme Court, in *State ex rel. Department of Transportation v. Hoebel*, 594 P.2d 1213 (Okla.1979), found it *could* constitute a taking "if serious enough to constitute substantial interference with the use and enjoyment of the property". Whether such a taking is present is a question for the trier of fact. *Hoebel*, at 1215.

If the trier of fact determines there is a taking, even if the taking is the consequential result of a public improvement, the action is one properly in inverse condemnation and the applicable limitation period is fifteen years. To hold otherwise would be to allow the taking entity to effectively gain title short of the prescriptive period.

If the trier of fact determines there has been *no* taking, the limitation period is the three year period found applicable in *City of Oklahoma City v. Daly*, 316 P.2d at 132.

The parties stipulated only to the date of taking, *if any*. Whether there has been a taking is the central point of the controversy between the parties. The trial court may not decide whether this action is barred by the statute of limitation until the issue of taking is resolved by the trier of facts under the prescribed condemnation procedures.

Accordingly, the order of the trial court granting summary judgment for Department is REVERSED and this matter is REMANDED to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

BAILEY, P.J., and HUNTER, J., concur.