849 P.2d 1113 (1993)
Jess Albert UNDERWOOD and Donsetta Underwood, husband and wife, Appellees,
v.
The STATE of Oklahoma, ex rel. DEPARTMENT OF TRANSPORTATION, Appellant.
No. 77232.[1]
Court of Appeals of Oklahoma, Division No. 3.
March 9, 1993.
Morris R. Bell, Becky D. McDown, Oklahoma City, for appellant.
Leonard M. Logan, IV, Vinita, for appellees.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

*1114 MEMORANDUM OPINION
HANSEN, Chief Judge:
Appellant (Department) seeks review of a judgment for Appellees (Landowners) in this action for injury to real property. It further seeks review of the trial court's order assessing attorney fees. We affirm.
Landowners filed their petition on July 1, 1988. They claimed Department, as part of a road improvement project in 1983, replaced a culvert which had been draining their land with another culvert, creating an impediment to the flow of water from their property. Landowners further claim the impeded flow in turn subjected:
... [Landowners'] land to almost continual flooding, and which has so substantially interfered with [Landowners'] use and enjoyment of their property as to constitute a taking by [Department] without just compensation and without resort to eminent domain.[2]
The petition states that Landowners were bringing "special proceedings" pursuant to the provisions of 66 O.S. 1991 § 53[3], "23 O.S.A. § 12" (sic)[4], and O.S. 1981 *1115 Const. art. 2, § 24.[5] Landowners asked the trial court to appoint commissioners "for the purpose of determining the value of [Landowners'] property taken and/or damaged".
Department filed a special appearance and motion to dismiss. Department argued Landowners' action was really one in tort, there having been no "taking" of Landowners' property, and that the tort action was barred because Landowners had not filed their claim under the Governmental Tort Claims Act[6] within the prescribed one year.
In response, Landowners asserted they were alleging no wrong cognizable under the Tort Claims Act; that their action was one for "just compensation" under the Oklahoma Constitution and that whether there was a taking in the constitutional sense was a matter to be determined by the trier of fact.
The trial court denied Department's motion to dismiss. The court then appointed commissioners to view and assess the injury Landowners "have sustained by the alleged appropriation of their lands by [Department] for purposes of a flowage easement thereon". The commissioners' report assessed damages at $61,000.00.
Notice of the commissioners' report was given to both parties. The notice advised the parties a legal challenge to the report must be made by written exceptions within thirty days of the date of the report, and that a demand for jury trial must be made within sixty days of the report. The record reflects both parties demanded jury trial, but neither filed exceptions to the commissioners' report.
The matter was tried before a jury. The jury returned a verdict in favor of Landowners[7] in the amount of $64,000.00. The trial court entered judgment in that amount, noting the damages were "occasioned through taking on November 15, 1983 of a flowage easement over and across" Landowners' property. The court specifically reserved the issues of fees and costs.
Department filed its petition in error from the trial court's judgment on the jury verdict. Subsequently, the trial court signed and filed an order assessing fees and costs against Department. The court awarded attorney fees, including an incentive or bonus fee, expert engineering and appraisal fees, court and legal costs, and both prejudgment and postjudgment interest.
As a threshold issue, we must resolve Landowners' motion to dismiss Department's appeal, which was first raised in the response to petition in error, and was reiterated in the Appellees' answer brief. Landowners argue Department has no right to appeal until after it fulfills the prior right of Landowners to immediate receipt of the compensation awarded, citing State ex rel. Southwestern Natural Gas Co. v. Brewer, 184 Okla. 129, 87 P.2d 954 (1938) and Oklahoma Turnpike Authority v. Byrum, 206 Okla. 541, 244 P.2d 1145 (1952).
Landowners made the same argument in moving to dismiss Department's appeal in Appeal Number 77,423, a companion case to the matter now before us and decided this same date. The circumstances there were substantially the same as those here.
In the companion appeal, the Supreme Court denied Landowners motion to dismiss with prejudice to its reargument, finding "the payment of the judgment is not a jurisdictional prerequisite for an appeal". We find the Supreme Court's determination there, while not the law of the case here, effectively precludes our further consideration of Landowners' motion.
*1116 We consider together Department's argument on appeal that Landowners' action is actually one in tort, not inverse condemnation, and its contention that the statute of limitations has run in either case. We find no merit in this argument.
Inverse condemnation actions are authorized under Section 24, Article II of the Oklahoma Constitution, which states, in part:
Private property shall not be taken or damaged for public use without just compensation... .[8]
Our Supreme Court, in discussing the evolution of just compensation clauses of earlier constitutions, protecting only against taking of private property, stated:
... we think that the inclusion in our Constitution of the prohibition against the taking or damaging of private property for public use was due to the opinion of its makers that the consequential damage resulting from public improvements on other land should be compensated. (emphasis added)
State Highway Commission v. Smith, 146 Okla. 243, 293 P. 1002 (1930).
In Smith, the Highway Commission argued that a landowner could not resort to condemnation proceedings to ascertain damages caused by construction of a highway on the land of another. The Court there held the test of liability in condemnation was whether private property had been damaged for the public use, without regard to the means by which the injury was effected. Smith, at 1004.
We find Smith early on contemplated circumstances as we have before us. More recently, the Supreme Court found that consequential flooding brought about by construction of an adjacent highway, if serious enough to constitute substantial interference with use and enjoyment of the property, may be a taking in the constitutional sense. State ex rel. Department of Transportation v. Hoebel, 594 P.2d 1213 (Okla. 1979). Whether such a taking is present is a question for the trier of fact. Hoebel, at 1215.
In its trial brief in support of its motion to dismiss, Department's contentions that tort procedures were somehow applicable were little more than mere assertions, unsupported by even a perfunctory reading of the applicable law. We are not inclined to consider those contentions further here, particularly Department's theory that it is legally precluded from "taking" property unless it finds a necessity for the taking. The question of necessity was never raised below.
Finding the trial court's application of inverse condemnation procedures to be proper, we turn to the question of the statute of limitations. We find no definitive ruling of our Supreme Court as to the applicable limitation period under the facts before us. Upon examination of the analogous authorities, we conclude application of the fifteen year prescriptive period[9] to be most appropriate.
Landowners rely primarily on the Supreme Court's holding in Oklahoma City v. Wells, 185 Okla. 369, 91 P.2d 1077 (1939), in which it adopted the view that in an inverse condemnation action a landowner's:
... right of recovery is founded upon and grows out of his title to the land, and until such title is lost by adverse possession he should have the right to maintain an action to recover that which represents the property itself.
Wells is instructive, but may be distinguished on its facts. There the city had clearly taken and occupied the land as a city park. Title was in issue, but not whether there had been a taking. In the present case, the question of taking is most critical.
Department, in turn, relies primarily upon City of Oklahoma City v. Daly, 316 P.2d 129 (Okla. 1957). In Daly, the Supreme Court found the three year limitation *1117 period found at 12 O.S. 1951 § 95(2) applicable to an action under Section 24, Article II of the Oklahoma Constitution. Again, the facts may be distinguished because the Daly court considered only consequential damage to private buildings caused by construction of a city sewer, not a taking as is alleged here.
We find if the trier of fact determines there is a taking, even if the taking is the unintended, consequential result of a public improvement, the action is one properly in inverse condemnation and the applicable limitation period is fifteen years. To hold otherwise would be to allow the taking entity to effectively gain title, or at least some property interest, short of the prescriptive period.
If the trier of fact determines there has been no taking, the limitation period is the three year period found applicable in City of Oklahoma City v. Daly, 316 P.2d at 132.
The parties stipulated only to the date of taking, if any. Whether there has been a taking is the central point of the controversy between the parties. The trial court may not decide whether this action is barred by the statute of limitation until the issue of taking is resolved by the trier of facts under the prescribed condemnation procedures.
The trier of fact in this case did determine there was a taking of an interest in Landowners' property. We will not disturb the findings of the jury if supported by any competent evidence. City of McAlester v. Delciello, 412 P.2d 623 (Okla. 1966). There being competent evidence of record to support the finding of a taking, the trial court's determination that the fifteen year limitation period was applicable was correct.
As its third appellate proposition, Department alleges the failure of the trial court to bifurcate the proceedings denied Department due process, more particularly, the opportunity to be fully heard on the issue of just compensation.
Department argues that because it took the position there was no taking, it could not, consistent with its position, present evidence regarding the value of the property allegedly taken. Department also argues neither party could properly appraise the purported property interest until the jury has found a taking, and determined its extent.
While bifurcation might be the better procedure under some circumstances, that is a matter within the discretion of the trial court.[10]Faulkenberry v. Kansas City Southern Railway Company, 661 P.2d 510, cert. denied 464 U.S. 850, 104 S.Ct. 159, 78 L.Ed.2d 146 (Okla. 1983). We will not disturb the trial court's exercise of that discretion unless we find clear abuse. Faulkenberry, at 513.
We find the trial court had no duty to separate trial of the issues of taking and value. Department was not denied due process by both issues being tried together. Department does not direct us to any express legal authority requiring bifurcation of inverse condemnation actions, nor are we aware of such authority.
It might have been more convenient for Department to have presented its evidence on value after the taking had been determined and defined by the trier of fact, but it was not precluded from presenting evidence on value here. Department had ample time, knew the property interest being claimed, and could have presented its evidence alternatively, with the jury being instructed that Department was not conceding the taking issue by its evidence on value. There was no abuse of the trial court's discretion.
Department complains that prejudicial and irrelevant evidence of a flood in 1986 was presented to the jury. Department argues 1986 was too remote in time from the date of stipulated taking in 1983, and that the evidence showed the major amount of flooding was caused by opening of flood gates after an extraordinary rainfall. *1118 Related to the latter question, Department also claims error in the trial court's failure to give a requested instruction on Acts of God.
We find evidence of the 1986 flood relevant to the critical issue of continual substantial interference with Landowners' use of their property. Landowners concede that this 1986 flood may not have been caused by Department, but do contend that the depth of upstream water on Landowners' property was increased because the smaller culverts were unable to accommodate the volume of water.
Department does not specify how the trial court's failure to give the Act of God instruction prejudiced its material rights. We find the instructions given, when considered as a whole, fairly submit the issues. McAlester Urban Renewal Authority v. Lorince, 519 P.2d 1346, 1350 (Okla. 1974).
The jury was informed, inter alia, that Landowners had the burden of proving Department's construction "directly caused and resulted in a substantial interference". It is unlikely the jurors misunderstood their legal charge and responsibilities.
Department's contention that it was prejudiced because the date of taking was not determined until "halfway through trial" is, at best, disingenuous. Landowners' petition clearly states the injury to their property is the direct and proximate result of Department's construction in 1983. Further, in answer to Department's discovery interrogatory  On what date or dates did the alleged taking occur?  Landowners stated, "In 1983. .". Department's contention is without merit.
As its final allegation of trial court error, Department contends the attorney fees and costs were unreasonable, and the incentive or bonus fee awarded Landowners' counsel was prohibited by law. However, in its petition in error, Department specified no issues and errors relating to the trial court's order on costs and fees.
Failure to raise an issue in the petition in error is fatal to its consideration on appeal. Kirschstein v. Haynes, 788 P.2d 941, (Okla. 1990). Department's mere mentioning of the fees and costs ruling in the petition in error is not sufficient. To preserve a claim of error on appeal, the alleged error must be stated with specificity. Kirschstein, at 954; Rule 1.16(A), Rules of Appellate Procedure in Civil Cases, 12 O.S. 1991, Ch. 15, App. 2.
The judgment of the trial court and its order granting fees and costs are AFFIRMED.
Landowners' request for appeal-related attorney fees is granted. McAlester Urban Renewal Authority v. Lorince, 519 P.2d at 1352. This matter is REMANDED to the trial court for the sole purpose of holding an evidentiary hearing to determine a reasonable fee for appeal-related attorney services.
BAILEY, P.J., and HUNTER, J., concur.
NOTES
[1] This action was made a companion case to Appeals 77,423 and 78,755. Appeal 78,755 was consolidated with Appeals 78,756 and 78,757. Each was initiated as a separate landowners' action, but all arise from essentially the same alleged circumstances.
[2] While not expressly mentioned in the Petition, the type of action Landowners' allegations describe is most commonly known as an inverse condemnation. The action is sometimes referred to as reverse condemnation or condemnation in reverse.
[3] This section was amended effective May 8, 1991, prior to the filing date of Landowners' petition. Sections 53 et seq. generally provide procedures for condemnation proceedings in the exercise of the right of eminent domain.
[4] This is apparently meant to cite 27 O.S. 1981 § 12, which authorizes reimbursement of expenses under certain circumstances in inverse condemnation proceedings.
[5] This section provides, inter alia, that "private property shall not be taken or damaged for public use without just compensation".
[6] 51 O.S.Supp. 1985 §§ 151 et seq.
[7] Judgment was entered in favor of Jess Albert Underwood only, as plaintiff and surviving joint tenant of co-plaintiff, Donsetta Underwood, who died during the pendency of this action.
[8] The right of eminent domain is an attribute of sovereignty, and the constitutional and statutory provisions are merely limitations upon the exercise of that right. Arthur v. Board of Commissioners of Choctaw County, 43 Okla. 174, 141 P. 1 (1914).
[9] 12 O.S. 1981 § 93(4).
[10] At least one Oklahoma trial court has chosen to bifurcate an inverse condemnation action, trying the issue of taking as the first phase. See, Oxley v. City of Tulsa, 794 P.2d 742 (Okla. 1989).