## WRIGHT v. CONSOLIDATED SCHOOL DIST. NO 1 OF TULSA COUNTY et al.

No. 20378. Opinion Filed Feb. 21, 1933.

Chas. West, for plaintiff in error.

Randolph, Haver, Shirk & Bridges, for defendants in error.

WELCH, J. The plaintiff's petition, which covers several pages of the record, is not here set out in full, but in substance the petition alleged that defendants owned and operated a school bus for the free transportation of pupils. That on November 4, 1925, the plaintiff's daughter, Rilda Wright, was a pupil at the school of the defendants, and was riding in the school bus on her way to school, when the bus accidentally turned over, inflicting upon her serious and permanent injuries; that the wreck was caused by the negligence of the driver, H. L. Mayfield; that at said time, and during all of the time that he was employed by the defendants as a driver of said bus, he was incompetent, inexperienced, and unfit by lack of experience to drive the bus, and was a teacher in the school, and that the defendants had actual and constructive notice and knowledge of such facts. The petition further alleges that plaintiff was damaged in loss of the services of his daughter, and in being required to expend large sums of money in her treatment; that the defendants were culpably negligent in employing Mayfield as a driver; that their negligence proximately caused his damage, and plaintiff sought judgment against the defendants for $75,000.

Defendants demurred to the petition upon three grounds, to wit:

(1) That the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff against the defendants, or either of them.

(2) Said petition shows on its face that the cause of action therein alleged is res adjudicata as to the plaintiff.

(3) Said petition shows on its face that the cause of action therein alleged is barred by the statute of limitations of this state, particularly paragraph 3, section 185, Compiled Statutes of Oklahoma, 1921.

The trial court sustained the defendants' demurrer by general order sustaining the same, plaintiff refused to plead further, and the court dismissed the cause. Plaintiff filed motion for new trial, which was overruled, and he prosecutes this appeal upon the assignments of error that the trial court erroneously sustained the demurrer to plaintiff's petition, and erroneously dismissed the cause and denied plaintiff's motion for new trial.

Defendants' demurrer is good upon the first ground. The petition does not state facts showing liability of the defendants for the accident which plaintiff alleges resulted in the injury and damage, and does not state a cause of action.

The former decision of this court upon the same facts in Consolidated School District No. 1 of Tulsa County v. Wright, 128 Okla. 193, 261 P. 953, is decisive of the question here presented. This decision was controlling upon the trial court in passing upon the demurrer, and it is controlling upon this court.

In that case T. L. Wright, as next friend of Rilda Wright, brought suit in her behalf to recover damages for injuries received in the same bus accident, the trial court there overruled defendants' demurrer, and the trial resulted in a verdict and judgment for the plaintiff for $50,000.

Upon appeal this court held that in furnishing free motor transportation to pupils of the school the defendants were acting in a public governmental function, and neither said school district, nor said board, nor the individual members thereof, were liable. The opinion in that case is thoroughly well written, cites many authorities and clearly states the true rule and determines the matters here involved. We deem it unnecessary to again review at length the same authorities.

In this case the plaintiff now insists that the rule in the former case is not the true rule, and should not be binding upon him and upon the court, because in the decision

of the former case the court failed to notice and did not see or understand the proper meaning and construction of the statute under which transportation is furnished to public school children, and that said statute has a settled construction adopted with the statute which should entitle plaintiff to recover. In support of this theory plaintiff cites decided cases, but we find that this statute in substance was the law in Oklahoma prior to the decisions relied upon from England and New York. There is nothing to indicate that our statute was adopted either from England or New York, and we are forced to conclude that this theory of the plaintiff in error is not sustained by the authorities, and we adhere to the rule as announced in Consolidated School District No. 1 of Tulsa County v. Wright, supra, that the defendants school district and individual members of the board are not liable for the accident which resulted in the injuries to plaintiff's daughter, Rilda Wright.

The other grounds of demurrer are not without merit, but having determined that plaintiff's petition does not state facts sufficient to constitute a cause of action, we deem it wholly unnecessary to discuss the other matters in detail.

The judgment of the trial court in sustaining the defendants' demurrer to plaintiff's petition and dismissing the cause is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, and BUSBY, JJ., concur. ANDREWS, J., absent. McNEILL, J., disqualified.