Bill Alan DAHL, a minor, by his father, natural guardian, and next friend, Pete Dahl, Plaintiff in Error,

v.

Jack HUGHES and Independent School District No. I–I, Okmulgee County, Defendants in Error.

No. 38526.

Supreme Court of Oklahoma.

Nov. 24, 1959.

Young, Young & Young, Sapulpa, for plaintiff in error.

L. L. Cowley, Okmulgee, for Independent School District No. 1–1, Okmulgee County, defendant in error.

Boatman, Pugsley & Boatman, Okmulgee, for Jack Hughes, defendant in error.

JOHNSON, Justice.

This action was brought in the District Court of Okmulgee County, Oklahoma, on the 18th day of September, 1958, by Bill Alan Dahl, a minor, by his father as next friend, against Jack Hughes and Independent School District No. 1–1 of Okmulgee County for damages allegedly arising out of permanent personal injuries sustained by the plaintiff on September 20, 1956, when he as a student was attacked by two other students during the noon hour in the school gymnasium. It was alleged that the board of said district was negligent in that it hired Jack Hughes, allegedly an incompetent teacher, and placed him in charge of the gymnasium during said lunch hour and was negligent in opening said gymnasium during the noon hour without adequate supervision; that the said Jack Hughes negligently failed to police the gymnasium and no teacher was present to protect the plaintiff and other boys similarly situated; that the negligence of the board in employing Jack Hughes, and his negligence in failing to police the gymnasium resulted in plaintiff's injuries herein complained of.

Jack Hughes was served by summons in another county and filed a motion to quash said service. The school board filed a demurrer to the petition upon the grounds that it did not state facts sufficient to constitute a cause of action against the school district; that the school board was acting in a governmental capacity, and under the laws of the State of Oklahoma was not liable for the negligent acts of its employees, and that under the Statute of Limitations, 12 O.S. 1951 § 95, subd. 4, the cause, being based upon assault and battery, was barred.

On December 2, 1958, the District Court sustained the demurrer of the board of education, and the special appearance and motion to quash, filed by Jack Hughes. Plaintiff refused to plead further. The action was dismissed by the trial judge, resulting in this appeal.

Plaintiff (in his brief) presents his assignments of error under one proposition, to-wit:

"The court erred in sustaining the demurrer to the petition on the ground that the school board is clothed with the governmental immunity for its torts which ruling is in direct conflict with the Constitution of the State of Oklahoma."

Plaintiff in support of this proposition cites and relies on the following authorities: The Constitution of the State of Oklahoma, Art. II, Secs. 2, 6, 7 and 24; Hargrove v. Town of Cocoa Beach, Fla., 96 So.2d 130, 60 A.L.R.2d 1193; Oklahoma City v. Vetter, 72 Okl. 196, 179 P. 473, 4 A.L.R. 1009; Page v. Oklahoma City, 129 Okl. 28, 263 P. 448; and State v. Adams, 187 Okl. 673, 105 P.2d 416.

These authorities, with the exception of the case of Town of Cocoa Beach, are not in point.

We are here confronted with an appeal to recede from our previously announced rule which immunizes a (municipal) corporation, such as a school district, against liability for torts of its agents or employees. We are cognizant of the court's persuasive and effective reasoning in the opinion in the Florida case (Hargrove v. Town of Cocoa Beach, 96 So.2d 130) in which it receded from its prior decisions holding that a municipal corporation was immune from liability for the torts of its officers. However, we are not convinced that we should do likewise. We therefore adhere to the rule as previously announced in our prior cases, that is, that the school

board in the instant case was performing a mandatory governmental function, and under the laws of the State of Oklahoma was not liable for the negligent or tortious acts of its employees and thus was immune from a suit for damages caused by the alleged negligence of one of its employees. See Consolidated School District No. 1 v. Wright, 128 Okl. 193, 261 P. 953, 56 A.L.R. 152; Wright v. Consolidated School Dist. No. 1, 162 Okl. 110, 19 P.2d 369. The rule was applied in the case of Cox v. City of Cushing, Okl., 309 P.2d 1079. For the general rule see 78 C.J.S. Schools and School Districts § 321.

The question of the invalidity of the order sustaining the special appearance and motion to quash of Jack Hughes was raised in the lower court and in assignments of error, but was not briefed. Therefore, we consider that question abandoned.

Judgment affirmed.