** Summary ** SCHOOL DISTRICT MAY NOT CARRY LIABILITY INSURANCE ON SCHOOL BOARD MEMBERS A school district board of education may not legally pay premiums for liability insurance on school board members. The Attorney General has considered your opinion request wherein you ask the following question: "May a board of education legally pay premiums for liability insurance on school board members?" Title 70 O.S. 5-117 [70-5-117] (1971) delineates the powers and duties of a local school district board of education. Nowhere therein is included the power nor authority for a local school board to expend public monies for liability insurance. Generally speaking, school district school boards and similar agencies are immune from tort liability in the absence of legislative enactment to the contrary, either for their own torts or for those of their officers, agents or employees, at least while engaged in school or education affairs of a governmental character. The general rule in Oklahoma is that a school district or school board is not subject to liability for injuries to peoples of public schools serving in connection with their attendance thereat since such district or board in maintaining schools acts as an agent of the State and performs a purely public or governmental function or duty imposed upon it by law for the benefit of the public for which it receives no profit or advantage, Dahl v. Hughes, 347 P.2d 208
(Okla. 1959). The Dahl case upheld an earlier decision, Wright v. Consolidated School District,162 Okla. 110, 19 P.2d 369 (1933) which held that the furnishing of free motor transportation to public school children by a district board of a consolidated school district being a public governmental function, neither the school district, the board, nor the individual members thereof were liable in damages for injuries to a pupil caused by the negligence of its officers, agents or employees in the control or operation of its motor vehicles for such purpose, where they had acted in good faith and without malice. For the latest Oklahoma expression as to the "immunity" doctrine, see Rector v. State, 43 O.B.A.J. 946 (1972). The majority of jurisdictions have further held that a school district is liable in an action in torts if liability insurance is carried because the only justifiable reason for immunity is the public policy to protect public funds and public property and the Court in Thomas v. Broadland's Community Consolidated School District, 348 Ill. App. 567,109 N.E.2d 636 (1952) held specifically that where liability insurance is available to protect the public funds the reason for the rule of immunity vanishes to the extent of the available insurance. The Attorney General of Oklahoma has traditionally held that because of a school district's immunity in performing a public or governmental function, and thereby not being liable for any damages so sustained, public funds may not properly be expended for liability insurance, Attorney General opinion addressed to the Honorable A. L. Crable, State Superintendent, dated October 9, 1936; Attorney General opinion addressed to the Honorable A. L. Crable dated March 21, 1945. There clearly exists no provision of law authorizing the school district to obtain insurance protecting it from liability regardless of whether liability might be proven in a court of law. The Thomas case further pointed out that legislation permitting a board to carry liability insurance actually is against the contingency of personal liability of board members. Although some jurisdictions (a limited number) have held that school board powers delineated by statute imply the power to purchase insurance, the authority to manage a school system does not necessarily carry the implied authority to extend public funds to insure against a liability which does not exist or is perhaps unclear. Such a case directly in point is Board of Education of County of Raleigh v. Commercial Casualty Insurance Company, 116 W. Va. 503, 182 S.E. 87
(1935). Under the law of West Virginia, school boards have the authority to furnish school transportation but there was no authorization to carry liability insurance on the school buses. The board purchased and operated a number of buses and procured a public liability and damage policy covering them. But the succeeding board, doubting the legality of the expenditure, was successful in an action against the insurance company to recover the amount of the premiums paid. The successful argument of the district was that there was nothing against which the policy of indemnification could operate and thus the expenditure was improper. Where statutes definitely create a liability to risk it would seem clear that school districts could purchase insurance against the eventuality of liability. Although the school district itself cannot itself abrogate its immunity, the State not only can do so directly but also indirectly by enacting statutes and imposing limited liability. Oklahoma does specifically permit the purchase of liability insurance as to the use of motor vehicles, 11 O.S. 1971 16.1 [11-16.1]. Further, the State could require boards to indemnify employees found guilty of negligence. Title 70 O.S. 5-125 [70-5-125] (1971) provides for remedies pursuant to the legal expenditure fund and there appears no doubt, that the purchase of insurance in absence of statutory authority, could constitute an illegal expenditure of funds and accordingly, be contra to provisions of Section 5-125. Therefore it is the opinion of the Attorney General that your question be answered in the negative. A school district board of education may not legally pay premiums for liability insurance on school board members. (Larry L. French) ** SEE: OPINION NO. 73-163 (1973) ** ** SEE: OPINION NO. 73-265 (1973) ** ** SEE: OPINION NO. 74-152 (1974) ** ** SEE: OPINION NO. 80-169 (1980) ** ** SEE: OPINION NO. 80-157 (1980) **