ANDREWS v. PROCTOR et al.

No. 31346. Dec. 22, 1945.

165 P. 2d 610.

M. O. Counts and Guy L. Andrews, both of McAlester, for plaintiff in error.

Tom G. Haile, County Atty., and Chas. B. Tucker, both of McAlester, for defendant in error.

DAVISON, J. The present action was commenced by Willie Mae Andrews, as plaintiff, against O. P. Proctor, Oscar Dennis, and Clarence Burnett, as board of county commissioners of Pittsburg county, and Eben Magoffin as county engineer, and each of them as individuals, as defendants. The plaintiff in her petition, after alleging the official status of the defendants, alleged she was the owner of certain farm land in Pittsburg county; that defendants were charged with the duty of repairing, dragging, and keeping the roads in proper condition and to adopt methods to maintain them in best condition possible, 69 O. S. 1941 § 324; that a road running through her property is maintained by defendants, and describes the surrounding area as it affects drainage toward the road and her property; that formerly the grade of the road was such that water proceeded by natural and normal watercourses to a culvert under the road and by a drainage ditch made by permission of the former owner, when road was constructed, to a creek without damage to plaintiff's property; that since plaintiff became owner, by a change in the grade of road and ditches made by defendants, the water is gathered and rushes upon and across the land of plaintiff and the drainage ditch and culvert has become blocked and obstructed and portions of the land washed away and ditches washed through it, and terraces have been washed out; that defendants have dumped shale upon a roadway used by plaintiff to reach her fields which diverts water across her lands and renders the use of roadway to her fields dangerous; that the action by the defendants constitutes the taking and damaging of her property for public use without just compensation and without due process of law.

Plaintiff enumerates her actual damages to the land and asks judgment for $2,050 therefor against defendants individually and as a board of county commissioners, costs, and for a mandatory injunction for abatement of the nuisance. The defendants, as county officials, for their first and only pleading filed a general demurrer that petition did not state a cause of action, and a separate general demurrer as individuals. The demurrer of defendants as county officers was sustained and plaintiff elected to stand on her petition and the court dismissed the petition as to the defendants as county officers. The demurrer of defendants as individuals was overruled and defendants given time to answer. No cross-appeal has been perfected thereon. From the order dismissing plaintiff's petition as to defendant county officers, the plaintiff appeals to this court. We will continue to refer to the parties as they appeared in the trial court.

The petition is not in the best form, but from a careful examination the facts of plaintiff's cause of action are as set out above. The parties in their briefs devote much space to a discussion and citation of authorities as to the nature of a county as a quasi-corporation and to situations where there was an actual taking of private property for public use under section 24, art. 2, of the Oklahoma Constitution.

In our opinion the real basis of the alleged cause of action is section 24, art. 2, of our Constitution:

"Private property shall not be taken or damaged for public use without just compensation. . . ."

And that the pertinent portion of the constitutional provision is the word "damaged".

In State ex rel. Oklahoma State Highway Commission v. Horn, 187 Okla.

605, 105 P. 2d 234, we said in the first paragraph of the syllabus.

"Section 24, art. 2 of the Oklahoma Constitution, Okla. St. Ann., gives the owners of private property damaged by the construction of a public highway the right to compensation therefor, irrespective of whether the damages accrue from a necessary and proper method of construction or whether they accrue from negligence in said construction."

See, also, State v. Adams, 187 Okla. 673, 105 P. 2d 416, syllabi 2 and 3:

"Consequential damages arising by reason of the construction of a public improvement may be recovered under section 24, art. 2, of the Constitution, Okla. St. Ann.

"Action to recover consequential damages to land, caused by the method of construction of a highway over a part thereof, is not necessarily predicated on negligence."

The discussion in the two cases above cited as to securing permission to sue and the scope of the act permitting such suit is not germane here. Under 19 O. S. 1941 § 1, the county can be sued and the inhibition existing in cases against the state does not pertain to a county. Also, see Honnold v. Board of Commissioners of Carter Co., 71 Okla. 71, 177 P. 71.

In view of the above decisions we are of the opinion that the petition states a cause of action and that the demurrers of O. P. Proctor, Oscar Dennis, and Clarence Burnett, as board of county commissioners, should not have been sustained.

The plaintiff made Eben Magoffin, as county engineer and as an individual, a defendant. The prayer of the petition does not ask for any relief against him. A demand for relief is necessary. 12 O. S. 1941 § 264, subd. 3. Owens v. Purdy, 90 Okla. 256, 217 P. 425. The action of the trial court in sustaining his demurrer to the petition was proper.

For the reasons herein set out, the action of the trial court in sustaining the demurrers of O. P. Proctor, Oscar Dennis, and Clarence Burnett, as board of county commissioners, is hereby reversed and cause remanded for further proceedings. The action of the trial court in sustaining the demurrer of Eben Magoffin, as county engineer, is affirmed.

GIBSON, C. J., HURST, V. C. J., and BAYLESS, CORN, and ARNOLD, JJ., concur.