**Adrian F. STATSER et al., Appellants,**

**v.**

**OKLAHOMA CITY et al., Appellees.**

**No. 49098.**

Supreme Court of Oklahoma.

May 4, 1976.

Rehearing Denied July 27, 1976.

John B. Ogden, Oklahoma City, for appellants.

Russell D. Bennett, Oklahoma City, for appellees.

DOOLIN, Justice.

Do the specific time limitations in which a suit may be filed, provided by 11 O.S. 1971, § 270.27,[1] deprived a district court of

---

1. "§ *270.27 Limitation on suits to set aside assessments, contest assessment areas, etc.* —No suit shall be sustained to set aside any assessment, or to contest the area of assessment, or to enjoin the governing body of any city or town from levying or collecting any such assessment, or installment thereof, or interest or penalty thereon, or issuing the bonds, or providing for their payment or contesting the validity thereof on any ground, or for any reason, other than for the failure of such governing body to adopt and publish the resolution declaring the necessity for such improvements and the publication thereof as provided in Section 10 of this Act[1] and to give notice of the hearing on the assessment roll unless such suit shall be commenced not more than fifteen (15) days after the publication of the ordinance levying assessments, and no suit shall be sustained after the work has been completed and accepted by such city

authority or power to hear a suit by taxpayers, residents of a municipally created sewer district, to enjoin the municipality from collecting contested assessments for completed sewer lines? We hold they do.

Plaintiffs, owners of real property located in Sewer District No. 1166–A, Oklahoma County, filed this action against the City of Oklahoma City (City), Ajax Contractors and Swatek Company (Contractors) on behalf of themselves and others similarly situated seeking injunctive relief prohibiting City from collecting alleged unconscionable and confiscatory assessments for sewer lines constructed in the sewer district. The petition was based on the invalidity of the city ordinance creating the sewer district and on alleged fraud by Contractors.

The trial court granted a temporary restraining order but at hearing on the injunction, the trial court sustained City's demurrer to plaintiffs' petition, vacated the temporary restraining order and dismissed plaintiffs' petition with prejudice, denying plaintiffs' request to amend.

Plaintiffs appeal, claiming trial court erred in sustaining City's demurrer and in denying them leave to file an amended petition.

On September 3, 1974, City Council passed an "Emergency Ordinance" creating sewer district No. 1166–A. Notice was published as required by law on September 4, 1974. The present suit was not filed until September 30, 1975.

Plaintiffs alleged the ordinance creating the sewer district was void in that emergency provisions were not adopted in compliance with 34 O.S.1971 § 53 [2] and certain sections of the Charter of Oklahoma City.[3] They further allege fraud on the part of the contractors.

City's demurrer and motion to dismiss were based on lack of jurisdiction and failure of petition to state a cause of action. City claims the statutes of Oklahoma, delineating the procedures for creating and implementing a sewer district, notably 11 O.S.1971 §§ 270.13, 270.14, 270.17 [4] and 270.27 supra, provide multiple opportunities for an aggrieved taxpayer to question the validity of an ordinance creating a sewer district, its plans, specifications and assessments. Although plaintiffs were

---

or town, except for failure to give such notice of the preliminary resolution of necessity or the failure to give the notice of the hearing on the assessment roll; * * *."
   1. Section 270.10 of this title.

2. "§ 53. *Effective date of municipal legislation—Emergency.* No ordinance or resolution of a municipal legislature shall become operative until thirty days after its passage and approval by the executive officer, unless the same shall be passed over his veto and in that case it shall not take effect and become operative until thirty days after such final passage except such measures necessary for the *immediate preservation* of peace, health, or safety; and no such emergency measure shall become immediately operative, unless it shall state, in a separate section, the reasons why it is necessary that it should become immediately operative, and the question of emergency shall be ruled upon separately and be approved by the affirmative vote of three-fourths of all the members elected to the city council taken by ayes and noes and the whole measure be approved by the executive officer."

3. The Charter of Oklahoma City provided in part as follows:
   Section 20 of article 2 of the charter reads in part as follows:
   "No ordinance shall be passed finally on the date when it is introduced, except in case of public emergency, the nature of which emergency shall be clearly stated in such ordinances."
   The second paragraph of section 5, article 5, of said charter reads in part as follows:
   "Every emergency ordinance must, after the title, contain the words 'emergency ordinance,' as a part of the caption, and every such ordinance shall, in a separate section, briefly state the facts or the cause affecting the public peace, health, or public safety and demanding the passage of the emergency ordinance."

4. "270.17 * * * The determination by the governing body of the existence and extent of special benefit to each tract or parcel of land in the district is hereby declared to be legislative in nature, and shall be *conclusive* upon the property owners and upon the courts."

thus afforded ample opportunities to raise the issue of the invalidity of the ordinance and their objections to the assessments, no complaint was filed at *any* stage of the implementation. City further claims § 270.27 supra prohibits a suit from being brought to "enjoin the governing body of any city or town from levying or collecting any such assessment" unless commenced within 15 days after publication of assessments, thus depriving the court of "jurisdiction" to entertain such a suit.

Plaintiffs while admitting suit is not timely, considering the above mentioned statutes, claim these statutes are not applicable as a bar to enjoin the collection of such an assessment when the proceedings upon which the assessment is based are void. *American First National Bank of Oklahoma City v. Peterson,* 169 Okl. 588, 38 P.2d 957 (1934). Thus their claim that the proceedings were void would permit the action to be brought any time after the 15 day period of § 270.27 had expired.

Although the petition may allege fraud against the contractors it seeks no relief from them. Plaintiffs do not allege fraud against City, only that fraud on part of contractors presupposes invalid assessments by City. How this confers jurisdiction in the court in contravention of § 270.27 supra is not brought to our attention. We do not have before us the ordinance in question or the minutes of City Council in adopting it. The petition does not state the manner in which emergency clause was improperly adopted or the reason the ordinance is void. As City submits, there is nothing in the petition to confer "jurisdiction" in the court to hear the suit outside of the statutory time.

Although amendment to the petition might have been allowed to correct grounds for sustaining City's demurrer based on failure to state a cause of action, no amendment could correct the lack of power and authority mandated by § 270.27 supra.

Trial Court properly sustained City's demurrer.

AFFIRMED.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BERRY, LAVENDER and BARNES, JJ., concur.

SIMMS, J., concurs in result.