William H. MATTOON, for himself and all other persons of the class who are similarly situated, Appellant,

v.

The CITY OF NORMAN, Oklahoma, a Municipal Corporation, Appellee.

No. 52616.

Supreme Court of Oklahoma.

Sept. 23, 1980.

Fielding Haas, Norman, for appellant.

Douglas J. Juergens, Norman, for appellee.

SIMMS, Justice:

Plaintiff commenced this class action in the trial court in the nature of inverse condemnation against the City of Norman, claiming that the defendant's adoption of a flood plain ordinance (Ordinance) operated to take plaintiff's property without due process of law.

Plaintiff owns land along a drainage channel affected by the Ordinance. He brings suit in behalf of himself and all landowners in Norman similarly situated (approximately 500).

The Ordinance (No. 0–7475–48 July 8, 1975) prohibits all but certain limited uses on lands along certain tributaries determined to be with a Flood Hazard District.

Plaintiff's third amended petition alleged, inter alia, that by defendant's diversion of waters into certain tributaries, along with its neglect and refusal to adequately maintain these drainage channels, the defendant has caused these channels to flood the lands of the class plaintiffs; that because of defendant's failure to adequately maintain its drainage channels, it enacted the Flood Plain Ordinance to enable its citizens to purchase flood hazard insurance; that the effect of the Ordinance constituted a governmental taking of the lands affected by reserving those lands for drainage purposes; that had the defendant properly maintained its drainage channels, there would be no need to reserve these lands for flood drainage purposes; and that all of this amounts to the taking of the beneficial use of the affected lands without just compensation.

The trial court found that the Ordinance was a valid exercise of defendant's police power, and as such, does not constitute a taking of private property requiring compensation. The trial court therefore sustained defendant's demurrer to the petition.

Article II, Section 24, of the Oklahoma Constitution provides in part:

" * * * Private property shall not be taken or damaged for public use without just compensation."

■ The defendant claims that the Ordinance is a valid exercise of its police power through zoning and cannot constitute a governmental "taking" of property. This is not the test in Oklahoma. We have never held that a finding that the exercise of police power is valid absolutely precludes compensation for property taken or damaged by such exercise. In *City of Sand Springs v. Colliver, Okl., 434 P.2d 186 (1967) overruled on other grounds in O'Rourke v. City of Tulsa, Okl., 457 P.2d 782 (1969)*, we said:

"It is a universal principle that wherever an individual's right of ownership of property is recognized in a free government, other rights become worthless if the government possesses uncontrollable power over the property of the individual. The constitutional guaranty of the right to own and use property is unquestioned. Thus the claim that particular action is taken under the police power cannot justify disregard of constitutional inhibitions."

We have held that although a city may regulate the right of ingress and egress in the lawful exercise of police power, that such exercise, even if reasonable, may require compensation if it acts to *absolutely* deny ingress or egress to the complaining landowner. *Brewer v. City of Norman, Okl., 527 P.2d 1134 (1974).*

In *Frost v. Ponca City, Okl., 541 P.2d 1321 (1975)*, we expressly found the exercise of the police power to be a valid one. The City was still required, however, to compensate landowners for hydrocarbons taken and sold as a result of that exercise.

■ We have held that acts done in the proper exercise of the police power which merely impair the use of the property do not constitute a "taking". *Suntide Inn Operating Corporation v. State, ex rel, Oklahoma State Highway Commission, Okl., 571 P.2d 1207 (1977).* The test is not the propriety of the exercise, but is a question of impairment, a fact question that cannot be decided on a demurrer.

■ In Oklahoma, we have held that the test of whether there can be recovery in inverse condemnation is whether there is a sufficient interference with the landowner's use and enjoyment to constitute a taking. The question of substantial interference is one that the trier of facts must decide. *Henthorn v. Oklahoma City, Okl., 453 P.2d 1013 (1969).*

■ If there is an overt act by the governmental agency resulting in an assertion of dominion and control over property, there can be an actual or de facto "taking". *State of Oklahoma, ex rel., Department of Highways v. Cook, Okl., 542 P.2d 1405 (1975).*

■ In the case at bar, plaintiff has alleged facts that show that the City has acted to flood plaintiff's property and that one such act was the enactment of the Flood Plain Ordinance. Further, the petition alleges that the enactment was done unreasonably, that is to enable the City to save the cost of adequately maintaining its drainage system at the expense of the class plaintiffs.

■ The defendant claims that the petition is defective in any event because the plaintiff has no right to complain about diversion of surface water over his land because of the "common enemy" doctrine, and that under that doctrine, while there may be some injury from the diversion, there can be no relief. In Oklahoma, this doctrine has been modified by the "rule of reason" principle, that any diversion must be done reasonably and with due regard for the rights of others. *Haskins v. Felder, Okl., 270 P.2d 960 (1954).* The reasonableness of such diversion is a question of fact which cannot be decided on a demurrer.

In *State of Oklahoma, ex rel. Department of Transportation v. Hoebel*,[1] *Okl.*, 594 P.2d 1213, 1215 (1979), we reaffirmed our holding in *Henthorn v. Oklahoma City, supra*, and said:

" . . . we believe that flooding, if serious enough to constitute substantial interference with the use and enjoyment of the property, may constitute a *taking*, and that whether such a taking is present is a question for the trier of fact. This being the case, it would be inappropriate for this Court to issue a Writ of Prohibition, prohibiting the trial court from further proceeding in the action below, for facts which may constitute a *taking* have been plead, and it is for the jury, not this Court, to decide, under the facts presented below, whether a taking is present.

In the case at bar, facts which may constitute a taking have been pled, and raise an issue for the trier of facts. Where the petition raises an issue of fact on which the pleader would be entitled to recover, it is error to sustain a general demurrer. *Berry v. Geiser Manuf. Co.*, 15 Okl. 364, 85 P. 699 (1905).

■ Defendant further claims that the demurrer should be sustained on the ground that plaintiff has failed to exhaust his administrative remedies. This requirement may be excused where there is a showing that the administrative remedies are not adequate to give the relief required, however a strong showing is required. *Lincoln Income Life Insurance Co. v. Wood, Okl.*, 556 P.2d 602 (1976).

In *McKart v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), the United States Supreme Court discussed the exhaustion of administrative remedies doctrine as it applies to federal agencies and outlined the various purposes of the doctrine:

(1) that it is desirable for the agency to develop a factual background and judicial review may be hindered without it;

(2) agency decisions require discretion and expertise that the agency should have the first chance to exercise;

(3) it is more efficient to let the administrative process go forward without interruption;

(4) the agency should be autonomous and be given the chance to correct its own errors;

(5) the complainant may win in the administrative process, making judicial review unnecessary;

(6) frequent and deliberate flouting of administrative processes could weaken the agency's effectiveness by encouraging people to ignore its procedures.

■ In the case at bar the landowner may, administratively, appeal a denial of a building permit in the flood plain, or he may seek a variance to have his property excepted from the ordinance. Neither remedy will give the plaintiff the relief he seeks. His property will continue to flood. There is no administrative remedy for compensating a landowner for a governmental taking. Plaintiff should not be forced to seek administrative relief where the remedies available would afford him no relief at all. Accordingly, the administrative remedies available to the plaintiff in this case are wholly inadequate to settle his claim, and it is therefore no ground for demurrer that he failed to exhaust such remedies. This offends none of the purposes of the administrative remedies exhaustion doctrine mentioned above, especially considering that the issue involved here does not require the exercise of the agency's discretion and expertise.

■ Defendant finally claims that the demurrer should be sustained because the action is inappropriate for a class action. Since the trial court did not address this issue, it is not properly before us. This is an issue to be decided by the trial court in

1. For other decisions concerning flooding as taking, see: *Oklahoma City v. Collins–Dietz–Morris Co.*, 183 Okl. 264, 79 P.2d 791 (1938);

*City of Wewoka v. Mainard, 155 Okl. 156, 8 P.2d 676 (1932).*

accordance with 12 O.S.Supp. 1978, § 13, et seq.

In summary, we hold that while a valid enactment of a flood plain ordinance is not per se a taking, when plaintiff's petition claims the enactment results in such a substantial interference with the use and enjoyment of his land that it constitutes a taking, it raises a question of fact sufficient to withstand the challenge of a demurrer. This question should be determined by general principles of due process and not merely by a finding that such enactment was a valid exercise of the police power.

REVERSED AND REMANDED WITH DIRECTIONS TO REINSTATE PLAINTIFF'S ACTION.

LAVENDER, C. J., and WILLIAMS, HODGES, BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.

IRWIN, V. C. J., dissents.