2000 OK 26

**Billy CURTIS and Barbara Joan Curtis, Appellants,**

v.

**WFEC RAILROAD COMPANY, a Corporation, Appellee.**

No. 92,674.

Supreme Court of Oklahoma.

April 4, 2000.

Thomas Hadley, Antlers, Oklahoma, for Appellants.

Patrick D. Shore, Oklahoma City, Oklahoma, for Appellee.

¶ 1 KAUGER, J.:

¶ 2 The issue presented is whether a landowner may be entitled to damages in tort from a condemnor. We hold that a landowner may be entitled to damages resulting from the tortious behavior of a condemnor.

## FACTS

¶ 3 This appeal involves an action by a landowner against a railroad company seeking compensatory and punitive damages which arose from a condemnation proceeding.[1] The appellants, Billy and Barbara Curtis (landowners/appellants), own real property in Choctaw County, Oklahoma. On November 7, 1995, the appellee, WFEC Railroad Company (railroad/appellee), filed a condemnation petition in the District Court of Choctaw County (the condemnation proceedings), to obtain a right-of-way to build a railroad track. It also sought a temporary easement to "borrow" earth for an embankment along the rail line.[2]

¶ 4 On November 27, 1995, the trial court appointed commissioners to appraise the taking. The landowners objected to the commissioners' report and demanded a jury trial.

---

1. We note that the record for this accelerated procedure includes filings from the condemnation proceeding. Absent from the record is an order as required by Rule 1.36 of the Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App. 1. which provides in pertinent part:

    "The record on appeal will stand limited to:

    . . .

    (B) In appeals from final orders on motions to dismiss:

    . . .

    (6) any other item on file which, according to some recitation in the trial court's dismissal order or in some other order, was considered in its decision . . ."

    Nevertheless, we have determined that the Curtis' remedy lies in one proceeding and it was not necessary to consider or review the attached condemnation filings to resolve this issue. However, we note that although the record in a prior appeal is not part of the record in a later appeal, we take judicial notice of our own or another appellate court's former opinions to determine the binding effect of the cause in a subsequent action. *Fent v. Oklahoma Natural Gas,* 1994 OK 108 ¶ 14, 898 P.2d 126; *Reeves v. Agee,* 1989 OK 25, ¶ 17, 769 P.2d 745, *Timmons v. Royal Globe Ins. Co.,* 1985 OK 76, n. 8, 713 P.2d 589.

2. The appellants' petition filed August 29, 1996, provides in pertinent part:

    ". . . 'The purpose of the temporary easement is to provide for efficient use of earthmoving equipment and to minimize hauling in order to acquire earth for railroad embankment at several locations along the rail line.' . . ."

The landowners objected to the necessity of the taking. They also argued that: the railroad's proposed use wasn't a public use; the railroad lacked the authority to take their property; and the railroad lacked the funding for the project. The trial court found that the only issue properly presented by the objection was the necessity of the taking. After the trial court denied their objections to the report, the landowners appealed. The cause was assigned to the Court of Civil Appeals as cause No. 87,124.[3]

¶5 On August 29, 1996, while No. 87,124 was pending, the landowners sued the railroad in an action for trespass. The landowners alleged that in July and August of 1996, the railroad trespassed when it exceeded the scope of its temporary easement by burying a vast amount of refuse, debris and garbage on the property. The landowners asked for compensatory and punitive damages, and injunctive relief. The trial court entered a temporary restraining order, and it set the cause for hearing on September 4, 1996.

¶6 At the September 4th hearing, the trial court, although denying injunctive relief, found that the railroad had been using the land for a different purpose than originally requested in the condemnation petition as well as for a different purpose than was set forth by the commissioner's report.[4] On the same day, the railroad filed an amended condemnation petition requesting that the temporary easement be changed from an easement to borrow earth to an easement to deposit waste earth during construction.[5] On September 10, 1996, the landowners filed an amended trespass petition and they added a claim for inverse condemnation as an alternative theory of recovery. They also requested that the trial court reconsider its denial of injunctive relief. The trial court denied the motion for injunctive relief on September 19, 1996.

¶7 On September 26, 1996, the landowners appealed the denial of their request for injunctive relief in the trespass action, and the cause was assigned to the Court of Civil Appeals as cause No. 88,190. They also filed a motion in the pending appellate case, No. 87,124, requesting that the Court of Civil Appeals review the trial court's allowance of the railroad's amended condemnation petition. On May 13, 1997, the Court of Civil Appeals issued an unpublished opinion in No. 87,124 which affirmed the trial court's denial of the objections to the commissioner's report. It also granted the landowners' request to review the order concerning the railroad's amended condemnation petition and it affirmed the trial court's allowance of the amendment. The mandate issued on June 12, 1997, and subsequently, on June 30, 1997, the Court of Civil Appeals in No. 88,-190, an unpublished opinion, dismissed the landowners' appeal, determining that its decision in No. 87,124 precluded review. The landowners filed a petition for certiorari in this Court, and after certiorari was denied the mandate issued in No. 88,190 on November 20, 1997.

¶8 On August 6, 1998, the landowners filed a second amended trespass petition. In addition to their original allegations, they also alleged upon completion of the project that: the railroad improperly allowed drainage to flow towards their property and into their pond; failed to replace the topsoil; and neglected to re-establish grass to the area. They also added claims for conversion and unjust enrichment as alternative theories of recovery.[6]

3. The appellants were one of eleven landowners from whom the railroad sought condemnation. These cases were consolidated in appellate case number 87,124 with one other pending appellate case, 86,916, which apparently involved nearly identical issues.

4. The trial court's order denying injunctive relief was filed on September 16, 1996.

5. The appellants' amended petition filed September 4, 1996, provides in pertinent part:
"... That on September 4, 1996, Defendant did file an Amended Petition in Case Number C–95–296 requesting a temporary easement over the same properties for the express purpose of providing 'efficient use of earth moving equipment and to minimize hauling in making deposits of waste earth onto the area of the temporary easement during construction.'"

6. Because we have determined that the landowners can recover for their damages resulting from the condemnor's tortious conduct, we express no opinion regarding their alternative theories of recovery.

¶ 9 On September 25, 1998, the railroad filed a motion to dismiss the trespass action for failure to state a claim, arguing that: 1) the original condemnation petition's reference to the easement as a borrow area was merely a typographical error and it had always intended to use the property to deposit waste earth; 2) the original order appointing commissioners revealed that the easement was to be used to store waste earth excavated for the rail line; and 3) any damages that the landowners might be entitled to should be recovered in the pending condemnation proceedings rather than through a separate trespass action. On December 8, 1998, the trial court dismissed the trespass action.[7] On December 18, 1998, the landowner filed a motion for new trial in the trespass action which was denied on February 2, 1999.[8] The landowner appealed on February 23, 1999, and the cause was assigned to the Court of Civil Appeals. On September 14, 1999, in an unpublished opinion, it affirmed the trial court. We granted certiorari on January 24, 2000.

¶ 10 **A LANDOWNER MAY BE ENTITLED TO DAMAGES RESULTING FROM THE TORTIOUS BEHAVIOR OF A CONDEMNOR.**

¶ 11 The landowners assert that: 1) while objections to the commissioner's report were awaiting a decision in the appellate courts, the railroad began using their property to dump man-made debris and garbage, purposes which were not set forth or requested in its condemnation petition; 2) they could not have discerned from the railroad's condemnation petition or from the commissioner's report that the railroad would use the property essentially as a landfill; 3) although the railroad amended its condemnation petition to reflect a change of its intended use of the easement from a borrow area to a site for disposal of waste earth, issues relating to the railroad's use of the easement as a landfill have not previously been addressed; and 4) the measure of damages in condemnation proceedings would be insufficient to fully compensate them for the railroad's alleged tortious conduct. Consequently, they argue that the trial court's dismissal of their lawsuit has resulted in a denial of due process and of an opportunity to be heard to oppose the railroad's use of their property as a landfill.

¶ 12 The railroad concedes that although its condemnation petition described the temporary easement as a borrow easement, it always intended to use the area as a waste area. It argues that: 1) it amended its condemnation petition to conform to its use; 2) the landowners received an amended award from the commissioners which accounted for its use as a waste area; and 3) any damages that the landowners might be entitled to must be recovered in the pending condemnation proceedings and not in a separate action for trespass. In its reply to certiorari, the railroad insists that the landowners' assertions have been the subject of the two prior Court of Civil Appeals' opinions and those decisions are dispositive of the present appeal.

¶ 13 Pursuant to the Okla. Const. art 2, § 24,[9] the exercise of the right of eminent domain is subject to the constitutional right of a property owner receiving just compensation. The power of a railroad to acquire land by condemnation and the procedures to be followed are prescribed by 66 O.S.1991 § 51 et seq. Ordinarily, condemnation proceedings do not involve a tort and are not civil actions at law or suits in equity, but rather are special statutory proceedings for the purpose of ascertaining the compensation to be paid for the property proposed to be appropriated.[10] The term property as used in our Constitution regarding the taking of private property for public use for which

---

7. The document was filed December 14, 1998.

8. The order denying the appellants' motion for a new trial was filed on February 22, 1999.

9. The Okla. Const. art.2, § 24 provides in pertinent part:

"Private property shall not be taken or damaged for public use without just compensation...."

10. *State Dept. of Highways v. O'Dea*, 1976 OK 133, ¶ 6, 555 P.2d 587; *Gaylord v. State Dept. of Highways*, 1975 OK 63, ¶ 16, 540 P.2d 558; *Graham v. City of Duncan*, 1960 OK 149, ¶ 16, 354 P.2d 458.

just compensation must be paid includes not only real estate held in fee, but also easements, personal property and every valuable interest which can be enjoyed and recognized as property.[11]

¶ 14 The issue of the necessity of the railroad's taking of the property for public use was decided by the Court of Civil Appeals in No. 87,124 and that decision has become final. Here, however, the landowners are seeking recovery for injuries caused by the railroad's alleged tortious conduct—exceeding the scope and boundaries of the temporary easement by dumping material such as refuse, debris, and garbage on their property. Nothing in the Court of Civil Appeals' opinions indicates that the landowners have had the opportunity to fully litigate this issue. The Court of Civil Appeals in No. 87,124 expressly declined to consider any issues dealing with the scope of taking certain temporary easements for borrow and waste dirt areas because it was raised for the first time in the landowners' reply brief. However, it did determine that the trial court did not err when it allowed the railroad to amend its condemnation petition from an easement for use as a borrow area to an area to dump waste earth.[12] In No. 88,190, the Court of Civil Appeals summarily dismissed the Curtis' appeal relating to the trial court's denial of their request for injunctive relief.[13]

¶ 15 Notwithstanding the Court of Civil Appeals' opinions, our previous decisions indicate that the landowners may be entitled to recover in a separate civil action for damages resulting from tortious behavior of a condemnor. In *Oklahoma Gas & Electric Co. v. Miller Bros. 101 Ranch Trust*, 1935 OK 669, 46 P.2d 570, a case involving condemnation for a 30–foot right of way and a dispute as to whether the condemnor was implicitly seeking the right of ingress and egress over and across the entire property, this Court said:

" . . . The remedy for an injury to the land, which injury is not a necessary incident to the construction and operation of the public service for which the land is taken, but is due to willful or negligent construction or operation, is not such remedy as is given by the statutes relating to eminent domain. The landowner in such case has a separate and distinct cause of action, such as trespass, and is not entitled to have such injuries considered in awarding damages under condemnation proceedings."

¶ 16 In *Allen v. Transok Pipe Line Co.*, 1976 OK 53, ¶ 20, 552 P.2d 375, this Court addressed a landowner's right to assert a claim of trespass against a pipeline company who constructed a pipeline across the landowner's property without first resorting to condemnation proceedings. Allowing a separate and distinct trespass action, we recognized that: 1) a public utility vested with the power to exercise the right of eminent domain must answer for its wrongs the same as any other trespasser; and 2) Miller supports the view that a reverse condemnation action can provide the exclusive remedy only in those cases where the remedy provided is adequate—i.e., cases where the landowner is merely seeking compensatory damages for the land taken or encumbered. Here, because the landowners' allegations of damages appear beyond those which are merely incident to the construction of the railroad track, they are seeking recovery for injuries caused by the railroad's alleged wilful and wanton tortious conduct—exceeding the scope and boundaries of the temporary easement by dumping material such as refuse, debris and garbage on their property.

---

11. *Graham v. City of Duncan*, see note 10, supra.

12. The railroad amended its condemnation petition to accommodate the use as an area to dispose of waste earth and the trial court apparently allowed the amendment. The landowners objected to the amendment and sought review in appeal No. 87,124. The Court of Civil Appeals affirmed the allowance of the amendment determining that it did not involve a material change from the original petition. The Court of Civil Appeals affirmed the trial court's approval of the amendment and the decision is final.

13. In No. 88,190, the Court of Civil Appeals summarily dismissed the landowners' appeal of the trial court's denial of injunctive relief in the trespass action after determining that a challenge to the "same use and taking was raised by landowners in the condemnation proceeding in response to an amended petition that was filed by condemnor-railroad" in No. 87,124. Mandate has also issued on that opinion.

We agree that the landowners may be entitled to damages resulting from the tortious behavior of a condemnor.[14]

## CONCLUSION

 ¶ 17 Pursuant to the Okla. Const. art 2, § 24,[15] a landowner is entitled to full compensation for damages including those for a condemnor's tortious conduct.[16] In a condemnation proceeding, a condemnee bears the burden of establishing damages.[17] Nothing in the prior Court of Civil Appeals' opinions indicates that the landowners have had the opportunity to fully litigate the issue of damages resulting from allegations that the railroad exceeded the scope of the temporary easement which it obtained through condemnation proceedings. The remedy for an injury to the land which is not necessarily incident to the construction and operation of a public improvement for which the land is taken, but due to wilful or negligent construction or operation is through a separate and distinct cause of action such as trespass.

**COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT REVERSED AND REMANDED.**

¶ 18 SUMMERS, C.J., HODGES, LAVENDER, WATT, and BOUDREAU, JJ., concur.

¶ 19 HARGRAVE, V.C.J., OPALA, and WINCHESTER, JJ., concur in result.

---

**14.** See also, *Root v. Kamo Electric Co-op., Inc.*, 1985 OK 8, 699 P.2d 1083, citing *Young v. Seaway Pipeline, Inc.*, 1977 OK 249, 576 P.2d 1148, and *Cox Enterprises, Ltd. v. Phillips Petroleum Co.*, 1976 OK 75, 550 P.2d 1324, in which this Court recognized that these cases indicated that a trespass action would be available only in limited circumstances such as where the entry was willful and wanton and without color of authority.

**15.** The Okla. Const. art. 2, § 24, see note 9, supra.

**16.** See, *Cities Service Gas Co. v. Huebner*, 1948 OK 77, 197 P.2d 985; *Andrews v. Proctor*, 1945 OK 359, 165 P.2d 610; *Oklahoma City v. Collins–Dietz–Morris, Co.*, 1938 OK 410, 79 P.2d 791.

**17.** *Graham v. City of Duncan*, see note 10, supra; *Western Farmers Electric Co-op. v. Rowlett*, 1955 OK 254, ¶ 0, 288 P.2d 726; *Nichols v. Oklahoma City*, 1945 OK 66, 157 P.2d 174.