2003 OK CIV APP 51

**MATERIAL SERVICE CORP.,**
Plaintiff/Appellant,

v.

**CITY OF CLAREMORE, Rogers County Metropolitan Area Planning Commissioner and Rogers County Commissioners, Defendants/Appellees.**

No. 98,218.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 9, 2003.

John H.T. Sheridan, Sheridan Law Office, Coweta, OK, for Plaintiff/Appellant.

Michelle Schultz, Rogers County Assistant District Attorney, Claremore, OK, for Defendants/Appellees.

## OPINION

ADAMS, Presiding Judge.

¶1 Material Service Corporation (Material Service) appeals from an order granting a motion for summary judgment in favor of the City of Claremore, Rogers County Metropolitan Area Planning Commission and Rogers County Commissioners (collectively, Planning Commission), the effect of which was to end their lawsuit seeking a declaratory judgment. Because we conclude the undisputed facts are not consistent with judgment for Planning Commission, we reverse the trial court's order.

¶2 Material Service challenged the annexation of land it leased into the area subject to zoning by Planning Commission because Planning Commission did not give proper notice of the "public hearing" under 19 O.S. 2001 § 866.29. Material Service argues, *inter alia*, the notice was deficient because the subject of the hearing, the date, the time and the place of the hearing was not published at least fifteen days prior to the public hearing. We agree.

¶3 Planning Commission argues, and the trial court agreed, that there was "substantial compliance" with the notice provision. According to Planning Commission, a formal notice was published on February 10, 2000, in the Claremore Progress and the Oologah Lake Leader newspapers along with a map of the covered area, including the land leased by Material Service. The "notice" simply stated:

**CITY OF CLAREMORE–ROGERS COUNTY METROPOLITAN AREA PLANNING COMMISSION**

February 8, 2000

Proposed area to be included within the jurisdiction of the City of Claremore–Rogers County Metropolitan Area Planning Commission.

[legal descriptions of 41 parcels omitted]

ALL THE ABOVE IS LOCATED IN ROGERS COUNTY, OKLAHOMA.

DESCRIBED AS EVERYTHING WEST OF THE VERDIGRIS RIVER TO WASHINGTON AND TULSA COUNTY, AND EVERYTHING NORTH OF THE CANEY RIVER TO NOWATA COUNTY.

This does not include the incorporated areas with the City limits of Oologah and Talala.

/s/ Bill Collins

Assistant Director.

¶4 An article in the news portion of the Oologah Lake Leader published that same day advised proposed changes to the unincorporated areas were to be considered by the "Rogers County Commissioners" and that "[t]he Planning Commission will meet on the issue Feb. 25 and the County Commissioners will address it on Feb. 28." Neither of these accounts gave any information concerning the time or place of any public hearing. According to Planning Commission, reading these two publications together gave adequate notice, and other articles published later supplied missing information such as the time and place of the public hearing.

¶5 At the February 25, 2000 meeting, Planning Commission discussed and approved recommending annexation of land including the parcel under lease to Material

Service. The annexation was approved at the February 28, 2000 meeting of county commissioners.

 ¶6 In addressing Material Service's claim that summary adjudication was inappropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and Planning Commission was entitled to judgment as a matter of law. *Perry v. Green*, 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Material Service. *Ross v. City of Shawnee*, 1984 OK 43, 683 P.2d 535. We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Casualty Company*, 1985 OK 25, 698 P.2d 17.

¶7 We need not decide, as have some courts in other jurisdictions, if the publication of information elsewhere in a newspaper than in a legal notice will somehow cure deficiencies in the legal notice. The news stories cited by the Planning Commission clearly fail to impart the critical information lacking in the February 10, 2000 notice within the requisite time period, that is, "at least fifteen (15) days prior to the date of such hearing." 19 O.S.2001 § 866.29. That being so, there was no cause for any application of a "totality of circumstances" analysis.

¶8 Significantly, § 866.29 requires notice of "public hearing" fifteen days prior to the hearing. Without the fundamental information that a hearing will be held and information about the time, place and date for the hearing, a purported "notice" gives no notice. "When notice is a person's due, process which is a mere gesture is not due process." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The "notice" provided was fatally defective, and, contrary to the order of the trial court, those defects were not remedied by the *later* publication of news stories. Without *timely* information about the date, time and place of hearing, the "notice" did not comply with the statute.

¶9 On the record submitted, Planning Commission did not show it was entitled to judgment as a matter of law.[1] The matter is remanded for further proceedings consistent with the views expressed.

REVERSED AND REMANDED.

JOPLIN, C.J., and BUETTNER, J., concur.

---

1. Planning Commission raised other defenses which they claimed would deny Material Service relief, even if the notice was not proper. The trial court did not address those defenses, and we do not express any opinion on them.