2006 OK CIV APP 52

**MATERIAL SERVICE CORP.,**
Plaintiff/Appellant,

v.

**ROGERS COUNTY COMMISSIONERS,**
Defendant/Appellee.

No. 102,496.

Court of Civil Appeals of Oklahoma,
Division No. 1.

March 29, 2006.

Elizabeth C. Nichols, The Strickland Law Firm, Tulsa, OK, for Plaintiff/Appellant.

Gene Haynes, District Attorney, Barry A. Farbro, Assistant District Attorney, Claremore, OK, for Defendant/Appellee.

Opinion by ROBERT DICK BELL, Presiding Judge.

¶1 Plaintiff/Appellant, Material Service Corp., appeals from the trial court's grant of summary judgment in favor of Defendant/Appellee, Board of County Commissioners of Rogers County, in Plaintiff's action for intentional interference with a contract, intentional interference with a prospective business and unconstitutional taking of property (inverse condemnation). For the reasons set forth below, we affirm in part and reverse in part the trial court's judgment, and remand this matter for further proceedings consistent with this opinion.

¶2 Plaintiff has a lease to mine limestone on certain lands in Rogers County. Prior to obtaining the lease and applying for a mining permit from the Oklahoma Department of Mines, Plaintiff ascertained from the City of Claremore—Rogers County Metropolitan Area Planning Commission (Planning Commission) that no applicable county-level zoning regulations were in effect on the subject property. Thereafter, the Planning Commission and the Defendant County Commissioners voted to annex the subject lands. The Planning Commission, which has jurisdiction for zoning and other land use regulations in the annexed area, subsequently declared Plaintiff's land was subject to zoning regulations that prohibit mining.

¶3 Plaintiff sued for declaratory judgment, alleging the Planning Commission failed to give proper notice of the annexation proceedings. Defendant was granted summary judgment at the trial level, but the Court of Civil Appeals ruled that notice of the public

hearing was constitutionally defective. *Material Serv. Corp. v. City of Claremore*, 2003 OK CIV APP 51, 72 P.3d 63. On remand, the trial court held the attempted annexation was void.

¶ 4 Plaintiff then filed the instant suit for intentional interference with its contract rights and its prospective mining business, and for inverse condemnation. The trial court granted Plaintiff's motion for partial summary judgment on the narrow issue that the zoning restriction on the subject property was invalid. Defendant also moved for summary judgment, arguing it was immune from tort liability under the Governmental Tort Claims Act, 51 O.S.2001 § 151 *et seq.*, and that there had been no "taking" of Plaintiff's property sufficient to support an inverse condemnation action. The trial court granted summary judgment in favor of Defendant. The trial court specifically found Defendant's attempts to annex and zone the subject property were legislative functions immune from suit under the Act. The court's order did not specify why Defendant was granted summary judgment on Plaintiff's inverse condemnation claim. From said judgment, Plaintiff appeals. The matter stands submitted for accelerated appellate review on the trial court record pursuant to Rule 13(h), *Rules for District Courts*, 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S. Supp.2003, Ch. 15, App.

¶ 5 This Court's standard of review of a trial court's grant of summary judgment is *de novo*. *Hoyt v. Paul R. Miller, M.D., Inc.*, 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op., Inc.*, 1996 OK 44, ¶ 15, 914 P.2d 669, 674. When this Court reviews the trial court's grant of summary judgment, all inferences and conclusions drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.*

¶ 6 We first address Plaintiff's propositions of error regarding its tort causes of action. Title 51 O.S.2001 § 155(1) provides, "The state or a political subdivision shall not be liable if a loss or claim results from ... Legislative functions; ..." In *McCracken v. City of Lawton*, 1982 OK 63, 648 P.2d 18, the Court held the city was immune from liability for enacting a zoning ordinance which severely restricted the capacity of businesses to use land in the affected area.

> By the provisions of [§ 155(1)] neither a political subdivision, nor its officials, may be subject to liability for any acts or omissions in performing a legislative function. The terms of immunity are clear and absolute. They admit no exceptions.

*McCracken* at ¶ 5, 648 P.2d at 19–20. The annexation and zoning of the subject property in the present case were legislative functions. Accordingly, Defendant is immune from tort liability under the Act.

¶ 7 Plaintiff's third cause of action—inverse condemnation—is not governed by the Governmental Tort Claims Act, but is a special statutory proceeding for the purpose of ascertaining the compensation to be paid for appropriated property. *Curtis v. WFEC Railroad Co.*, 2000 OK 26, ¶ 13, 1 P.3d 996, 999. Article 2, § 24 of the OKLAHOMA CONSTITUTION provides in relevant part: "Private property shall not be taken or damaged for public use without just compensation. Just compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken." "[T]he required payment for 'just compensation' is not limited to property 'taken,' but extends also to property 'damaged.'" *Williams v. State ex rel. Dept. of Transp.*, 2000 OK CIV APP 19, ¶ 14, 998 P.2d 1245, 1249. At issue in the present case is whether a taking (or damage) occurred so as to expose Defendant to liability for failing to justly compensate Plaintiff pursuant to Art. 2, § 24.

¶ 8 Defendant argues there was no "taking" of Plaintiff's property sufficient to invoke liability because Defendant did not physically intrude upon the property and Plaintiff made no showing of diminution of value.[1] We disagree that these are the only

---

1.  "The term property as used in our Constitution regarding the taking of private property for public use for which just compensation must be paid includes not only real estate held in fee, but also easements, personal property and every valuable interest which can be enjoyed and recognized as

two tests for determining whether Plaintiff has established a case for inverse condemnation. "Courts have generally recognized two basic grounds that support inverse condemnation actions: physical taking and the enactment of regulations that substantially impair the property's usefulness." *Calhoun v. City of Durant*, 1998 OK CIV APP 152, ¶ 11, 970 P.2d 608, 612. "Regulation of a property's uses may . . . constitute a taking if the regulation (an overt act exercising dominion or control over the property) acts to destroy or impair the land's usefulness." *Id.* at ¶ 13, 970 P.2d at 613. "[T]here are limits to the exercise of the police power in regard to the regulation of property and . . . 'if regulation goes too far it will be recognized as a taking.'" *Edmondson v. Pearce*, 2004 OK 23, ¶ 20, 91 P.3d 605, 608, *quoting Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415, 43 S.Ct. 158, 67 L.Ed. 322 (1922).

¶ 9 We recognize "some impairment of the land's usefulness is not enough [to establish damages under Art. 2, § 24]. There must be substantial impairment resulting from an overt governmental act resulting in an assertion of dominion and control over property." *Id.* at ¶ 15, 970 P.2d at 613. *Accord Mattoon v. City of Norman*, 1980 OK 137, ¶ 11, 617 P.2d 1347, 1349. Moreover, Oklahoma courts have consistently held that the question of whether a taking constitutes substantial interference with the use and enjoyment of property is for the trier of fact to resolve. *Mattoon* at ¶ 11, 617 P.2d at 1349; *Henthorn v. Okla. City*, 1969 OK 76, ¶ 15, 453 P.2d 1013, 1016; *Calhoun* at ¶ 13, 970 P.2d at 613; *Underwood v. State ex rel. Dept. of Transp.*, 1993 OK CIV APP 40, ¶ 17, 849 P.2d 1113, 1116. The court in *Williams* specifically held, "the determination of a taking must be made by the trier of fact and is not susceptible to summary disposition in inverse condemnation actions." *Williams*, 2000 OK CIV APP 19 at ¶ 36, 998 P.2d at 1252, *citing Oxley v. City of Tulsa*, 1989 OK 166, ¶ 15,

794 P.2d 742, 746, and *Mattoon* at ¶ 10, 617 P.2d at 1349. In the present case, Plaintiff maintains it suffered economic losses by being prohibited from mining the subject property for three years. Whether that prohibition substantially impaired Plaintiff's lease is a question to be resolved by a fact-finder after a trial on the merits.

¶ 10 On the basis of the foregoing and after *de novo* review of the record, we hold there is no genuine issue as to any material fact regarding Plaintiff's two tort causes of action and that Defendant is entitled to judgment with respect to those actions as a matter of law. However, that portion of the trial court's judgment relating to Plaintiff's cause of action for inverse condemnation must be reversed and remanded for further proceedings consistent with this opinion.

¶ 11 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

HANSEN and JOPLIN, JJ., concur.

---

property." *Curtis*, 2000 OK 26 at ¶ 13, 1 P.3d 996 at 999–1000. *Perkins Whistlestop, Inc. v. State ex rel. Dept. of Transp.*, 1998 OK CIV APP 7, ¶ 10, 954 P.2d 1251, 1254, specifically noted, "A leasehold interest may be subject to a taking and the leaseholder may have a cause of action in inverse condemnation."

