2010 OK CIV APP 6

**Billy Joseph BEAL and Ella Kay Beal, Plaintiffs/Appellants,**

v.

**WESTERN FARMERS ELECTRIC COOPERATIVE, a Rural Electric Cooperative, Defendant/Appellee.**

**No. 106,963.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 15, 2009.

Rehearing Denied Nov. 12, 2009.

Thomas Hadley, Hugo, OK, for Plaintiffs/Appellants Billy Joseph Beal and Ella Kay Beal.

Stratton Taylor, Toney D. Foster, Mark H. Ramsey, Clint Russell, Taylor, Burrage, Foster, Mallett, Downs & Ramsey, P.C., Claremore, OK, for Defendant/Appellee.

KENNETH L. BUETTNER, Judge.

¶ 1 Plaintiffs/Appellants Billy Joseph Beal and Ella Kay Beal ("Landowners") contend that the trial court erred in granting Defendant/Appellee Western Farmers Electric Co-operative's (WFEC) Motion to Dismiss on the grounds of failure to state a claim upon which relief can be granted and another action pending between the parties for the same claims, viz., condemnation. Specifically, Landowners argue that their tort causes of action should not have been dismissed. We disagree and affirm.

¶ 2 Landowners filed their First Amended Petition September 2, 2004 alleging several causes of action, but the ones remaining on appeal are trespass, unjust enrichment, nuisance, and violation of 42 U.S.C. § 1983.[1] The petition alleges that Landowners are residents of Bryan County, Oklahoma and that WFEC filed a petition[2] in August 2002 to obtain a perpetual right of way easement for an electric transmission line which would cross Landowners' property. Landowners assert that since completing the construction, WFEC has been transmitting electricity

---

1. The hearing on WFEC's Motion to Dismiss was conducted October 5, 2004, and a minute order was filed May 18, 2005. However, no journal entry was prepared and filed until April 30, 2009. In Landowners' Motion to Reconsider and Request for Findings of Fact and Conclusions of Law, filed January 16, 2009, Landowners state "For purposes of this Motion, Plaintiff would urge only trespass, [negative] unjust enrichment and nuisance. The other claims therein made

would be agreed to be dismissed." However, the Petition In Error includes the § 1983 claim and specifically excludes the original assault claim.

2. Condemnation petition filed in Bryan County by WFEC against Landowners in No. CV–2002–409. WFEC advises that damages in the condemnation case are still pending trial.

across the system and the transmissions have caused an emission of an Electro Magnetic Field (EMF) and stray electricity outside of and beyond the easement subject to the condemnation proceeding. Landowners aver that by their nature and/or intensity the transmissions are known by scientific and/or medical evidence to be dangerous and/or harmful to human and animal life.

¶ 3 Further, Landowners claim WFEC exceeded any authorized easement rights and uses because the EMF radiation and stray electricity crosses over and onto Landowners' nearby real and personal property which is not part of the easement which WFEC is attempting to condemn. Landowners state the stray electricity causes them damage or alternatively denies them the right to the use and enjoyment of their property, property which is not subject to the condemnation action. In that vein, Landowners allege that WFEC's use of their property not subject to the easement constitutes an unjust enrichment.

¶ 4 WFEC filed a Motion to Dismiss August 9, 2004 based fundamentally on the holding in *Young v. Seaway Pipeline, Inc.*, 1977 OK 249, 576 P.2d 1148, which states that "... the petition alleges that a condemnation proceeding is pending, thus limiting appellant to the assertion of his alleged damage resulting from trespass in the condemnation proceedings." *Id.* at ¶ 10, p. 1151. WFEC argues that Landowners can recover remainder damages in the condemnation proceeding. Remainder damages are damages to property not taken.[3] In *Western Farmers Electric Cooperative v. Enis*, 1999 OK CIV APP 111, 993 P.2d 787, the Court of Civil Appeals held that the perceived fear of an EMF could be considered in the compensation trial as a diminution in property value upon proper evidence. In that case, the condemning authority filed a motion in limine in an attempt to keep out evidence with respect to newspaper articles and similar materials that the landowner wanted to use. The articles related to power lines and links

to cancer. The Court of Civil Appeals stated, at ¶ 19, p. 793, "The offer of proof made it clear that the purpose of Ms. Long's testimony and sponsorship of these items was *not* to show EMFs cause cancer but 'simply to demonstrate that a portion of the general public ... potential purchasers ... might take *that* [i.e., the publicly disseminated information about EMFs] into account in determining whether or not they would buy [and to show] the perception created by these articles would impact the marketability of her property.'" "An expert appraiser's opinion about the impact on value of perceived fear of EMF's based on publicly disseminated information is a relevant factor in determining fair market value." *Id.* at ¶ 12, p. 792.

¶ 5 Landowners responded that the law found in *Curtis v. WFEC Railroad Company*, 2000 OK 26, 1 P.3d 996, controlled the facts alleged in the present case. In *Curtis*, the Oklahoma Supreme Court held that a landowner may be entitled to damages resulting from the tortious behavior of a condemnor and further, may seek those damages in a lawsuit separately filed from the condemnation action, which is a special proceeding.

¶ 6 With respect to reviewing a Motion to Dismiss, the Oklahoma Supreme Court stated, in *Fanning v. Brown*, 2004 OK 7, ¶ 4, 85 P.3d 841, 844:

The standard of review for an order dismissing a case for failure to state a claim upon which relief can be granted is *de novo* and involves consideration of whether a plaintiff's petition is legally sufficient. [Citation omitted.] When reviewing a motion to dismiss, the court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them. [Citation omitted.] "A pleading must not be dismissed for failure to state a legally cognizable claim *unless* the allegations indicate *beyond any doubt* that the litigant can prove no set of facts which would entitle

---

3. OKLA. CONST. art. 2, § 24. **Private property—Public use-Character of use a judicial question**

Private property shall not be taken or damaged for public use without just compensation. Just

compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken....

him to relief." *Frazier v. Bryan Mem. Hosp.,* 1989 OK 73, ¶ 13, 775 P.2d 281, 287. (emphasis in original). Furthermore, the burden to show the legal insufficiency of the petition is on the party moving for dismissal and a motion made under 12 O.S.2001, § 2012(B)(6) must separately state each omission or defect in the petition; if it does not, the motion shall be denied without a hearing. [Citation omitted.] Motions to dismiss are usually viewed with disfavor under this liberal standard. The burden of demonstrating a petition's insufficiency is not a light one.

■■■ ¶ 7 Landowners alleged damage to their property in that the EMF is a trespass. An EMF is intangible and consequently rarely supports a cause of action for the tort of trespass. *Vertex Holdings, LLC v. Cranke,* 2009 OK CIV APP 10, ¶ 15, 217 P.3d 120 ("A trespass is the actual physical invasion of the property of another without permission.") In *San Diego Gas and Electric Company v. The Superior Court of Orange County,* 13 Cal.4th 893, 55 Cal.Rptr.2d 724, 920 P.2d 669 (1996), an EMF case, the California Court, relying on its trespass analysis for noise, extended the "no physical invasion" element to intangibles. Consequently, intangible invasions or intrusions, such as noise, odor, or light, without damage, may be dealt with as nuisance cases, but usually not trespass. At 75 Am.Jur.2d Trespass § 27 (2009), it is stated in the observation:

> Generally, intangible intrusions, such as by noise, odor, or light alone, are treated as nuisance, not trespass. The basis for this distinction, in the case of intrusive odors, is that they interfere with nearby property owners' use and enjoyment of their land, not with their exclusive possession of it. To recover in trespass for an intangible invasion to property, a plaintiff must show: (1) an invasion affecting an interest in exclusive possession; (2) the act resulting in

the invasion was intentional; (3) reasonable foreseeability that the act could result in an invasion of the plaintiff's possessory interest; and (4) substantial damage to the property. Thus, intangible intrusions on land, such as electric and magnetic fields emitted from power lines, are not actionable as trespasses, unless they cause physical damage to the real property.

As a result, we hold that dismissal of the trespass claim was valid on both grounds relied upon by the trial court. First, the emission of an EMF or stray electricity from an electrical transmission line is insufficient to support a claim of trespass. Secondly, even if such emissions constituted a trespass, it would constitute damage to the remaining property under 66 O.S.2001 § 53(D). *Young, supra* requires that such a claim be asserted in the pending condemnation action.[4]

■■ ¶ 8 Landowners also fail to state a claim for unjust enrichment. The eminent domain laws grant WFEC the authority to take Landowners' property, but require just compensation for the property taken and any damages to the property not taken. There can be no unjust enrichment under our statutory scheme under the facts alleged.

■■ ¶ 9 With respect to Landowners' § 1983 claim, Landowners allege that the claim is not based on damages from the property taken by WFEC under eminent domain. Specifically, Landowners argue their claim does not involve an easement or easement rights. As a result, Landowners rely on no state action, which is a requirement for a § 1983 action. 42 U.S.C. § 1983. This claim was properly dismissed.[5]

■■ ¶ 10 Finally, we address Landowners' nuisance claim. Paragraph 19 of their Amended Petition alleges that the emission of an EMF and/or stray electricity on non-easement property constitutes a nuisance.

---

4. Landowners argue that WFEC should have taken a larger easement which would have alleviated their concern. This demonstrates that any diminution of value of the remaining land can be determined in the condemnation proceeding.

5. While WFEC admitted state action was involved in this claim insofar as eminent domain statutes are considered, this is not the basis of

Landowners' claim. Also, see *Baldwin v. Appalachian Power Co.,* 556 F.2d 241 (4th Cir. 1977)(§ 1983 claim dismissed where power company, by being granted power of eminent domain acted under color of state law, the plaintiff, who complained of power lines on his property, failed to demonstrate a violation of a federally protected right.)

A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or

. . .

Fourth. In any way renders other persons insecure in life, or in use of property, provided, this section shall not apply to preexisting agricultural activities.

50 O.S.2001 § 1.

¶ 11 There have been two previous appeals in this case, both of which addressed the nuisance claim. In No. 104,643, the Court of Civil Appeals held the following:

Additionally, the Court of Civil Appeals [in appeal No. 98,917] rejected landowners' argument that the construction of the power transmission lines constitutes a public nuisance, citing *In re Petition of Grand River Dam Authority*, 1971 OK 48, 484 P.2d 505, and 18 O.S.2001 §§ 437.2(d), (h), (k) and noting "nothing done under express authority of a statute can be deemed a nuisance."

Because the Court of Civil Appeals previously addressed and decided these issues in its Opinion on the prior appeal of the injunction in No. 98,917, the decision therein is now the law of the case.

*Western Farmers Electric Cooperative v. Beal, et al.* (May 17, 2007).[6]

¶ 12 Title 50 O.S.2001 § 4 provides: "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." In accordance with the law of the case, the dismissal of Landowners' nuisance action was properly dismissed.

¶ 13 AFFIRMED.

BELL, P.J., and JOPLIN, J., (sitting by designation), concur.

---

6. Appeal No. 98,917 is styled *Western Farmers Electric Cooperative v. George Cotter, Billy Joseph Beal and Matilda Beal*, filed October 14, 2003.